## LaDew, et al. *v.* LaBorde.

Feb. 23, 1953

No. 38671 · 21 Adv. S. 26 · 63 So. 2d 56

*Morse & Morse* and *H. H. Parker,* for appellants.

*Williams & Williams,* for appellee.

LOTTERHOS, J.

This is a workmen's compensation case. Roosevelt J. LaBorde, appellee, suffered a heart attack while performing his duties for his employer, William H. LaDew, on October 29, 1949, and thereafter made claim against

appellants, his employer and the insurance carrier, for compensation under Chap. 354, Laws of 1948. After a hearing, the attorney-referee made an order allowing the claim and directing appellant, the insurance carrier, to pay compensation. The commission affirmed the order, except for modifying the terms of payment; and the circuit court affirmed the commission's order. This appeal is from the judgment of the circuit court.

The proof sufficiently shows the following facts: Appellee, about 46 years of age in 1949, lived in New Orleans, Louisiana. He was a sprinkler fitter by trade and had worked for appellant LaDew for many years. LaDew lived in Texas, and carried on his business of installing sprinkler systems in Texas, Louisiana, and Mississippi. He maintained offices in Texas and Louisiana. Appellee's last employment by LaDew began about four years before the date of the heart attack. Appellee, at New Orleans, had telegraphed LaDew at Dallas, Texas, for a job. He received a telegram telling him to report for work at Dallas, which he did.

In June, 1949, appellant LaDew started a job in Picayune, Mississippi. Appellee worked there until about two weeks before the injury, and then went on a job at New Orleans. He was in good health prior to the heart attack, and had not been to a doctor since 1939. However, on Thursday, October 27, he went to a doctor in New Orleans because he had a severe headache and pains all over his body. The doctor told him he had high blood pressure and gave him some pills to lower blood pressure and to relieve pain. On Friday, appellee returned to Picayune. He felt normal and well. On Saturday, October 29, work began at seven o'clock in the morning. About nine or nine-thirty, it became necessary for appellee and two other men to lift one end of a ten-inch iron pipe, 18 feet long, weighing 900 to 1,000 pounds. Immediately after they handled the pipe, appellee had a "cold sweat," "felt funny," and "had never felt it before." He was dizzy, began to feel his heart "all the

way round," and became weak. About fifteen minutes later, he got down in a ditch to take a measurement. When he stooped down, a "very sharp pain" hit him. He took one of the pills and the pain passed away. When he went back in the ditch a second time, another sharp pain hit him. He became pale, the pain continued, and he got weaker. The other two men took him to a hospital at Picayune. He was given shots and placed under an oxygen tent. Later he was taken by ambulance to his home in New Orleans. He remained in Charity Hospital at New Orleans three weeks, and in bed at his home two weeks. Medical proof shows that he suffered a coronary occlusion, followed by a coronary infarction, and that the immediate cause was the heavy physical strain of lifting the pipe.

Since the injury, appellee had not been able to return to his duties as a sprinkler fitter, because of weakness and doctor's orders. He remained nervous and had a special diet. He was still under treatment for the heart attack at the time of the hearing. Appellee was employed as a supervisor by an automatic fire sprinkler company from May 8, 1950, to September 1, 1950, and later he was employed as a watchman from January 4, 1951, to the date of the hearing. There was proof for appellants that on May 4, 1951, appellee was observed painting his house.

It was shown that appellant LaDew had had many other jobs in Mississippi, had obtained compensation insurance under the Mississippi law for coverage of employees in this state, and had paid the premiums thereon. The audit on which the premiums were based included the wages of appellee while employed at Picayune.

The first proposition argued by appellants is that there was no accidental injury to appellee, as required by the statute to justify compensation. Were this a new question in this state, it would call for extended comment. However, we find that it is answered in the case of Ingalls Shipbuilding Corp. v. Byrd (Miss.), Adv. S.,

60 So. 2d 645. There, the claimant was injured and died as a result of operating an automatic electric chisel while his back was braced against a metal bar, whereby damage was caused to an abnormal and diffused mass of blood vessels near the base of his spinal column. A commission order allowing compensation was affirmed. ■■■ Likewise, in the case at bar, the commission was justified in finding that appellee's injury was accidental and compensable. See also 58 Am. Jur., Workmen's Compensation, Sec. 255, page 756.

Appellants next say that the court below erred in allowing compensation under the Mississippi statute, it being contended that the exclusive remedy was under the Louisiana Workmen's Compensation Act. Reliance is placed upon the fact that appellee was hired in Louisiana and that the greater part of his work was in that state, which, for present purposes, may be assumed to be sufficiently shown. In this situation, the Louisiana courts will give extra-territorial effect to the compensation statute of that state, to cover injuries received in another state. Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So. 2d 803. Appellants argue therefrom that such available remedy in Louisiana is exclusive, and that the Mississippi statute has no application. Sections of the Louisiana statute are cited, which we construe as defining the exclusiveness of the remedy in that state; that is, eliminating recourse to actions there which would be available if the compensation act did not apply.

Appellants seek to sustain their proposition by Orleans Dredging Co. v. Frazie, 173 Miss. 882, 161 So. 699. In that case, where the facts as to the places of employment, work, and injury were similar to those now involved, it was held that the Louisiana compensation act applied and that this court would recognize and enforce it. But that case was decided prior to enactment of Chap. 354, Laws of 1948, and the court exercised a choice between applying the Louisiana statute or Mississippi common law relief. In so doing, it followed, and felt

itself bound by, Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 76 L. Ed. 1026, which is relied on by appellants here. The effect of that decision has been expressly limited by Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U. S. 493, 83 L. Ed. 940. Therein, the right of the California courts to enforce the compensation statute of that state in a case of injury in California of a person who had been hired in Massachusetts and was regularly employed there, was upheld. This was true even though the Massachusetts compensation act declared that the remedy thereunder was exclusive. The court said that "the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though that statute is of controlling force in the courts of the state of its enactment with respect to the same persons and events." We conclude, therefore, that the Mississippi compensation act was properly enforced in the case at bar, unless its application is excluded by its own terms in Sec. 49(c).

That section of the Mississippi statute provides: "Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this act while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state, so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this act are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation act or similar laws of such other state shall be the exclusive remedy against such employer for any injury,

whether resulting in death or not, received by such employee while working for such employer in this state.''

Reference to the Louisiana compensation statute discloses that it is not applicable to an employee unless he and his employer have agreed, either expressly or by implication, that it shall be (La. Rev. Stat., Sec. 23:1038), although there is a presumption that all contracts of hiring are made subject to the act in the absence of a written statement to the contrary (Ibid., Sec. 23:1039). Also, an agreement to come under the act may be terminated by either party (Ibid., Sec. 23:1040). We doubt that appellants have adequately shown that the Louisiana statute would be available to give appellee relief thereunder, as contemplated by Sec. 49(c) of the Mississippi act. ▮▮ We think that it was the purpose and intent of our legislature to exempt employers and employees from the coverage of the act, by Sec. 49(c), *only* when it is clearly shown that the employee will have an available remedy for his injury under the similar statute of another state. It will not suffice to show that he may possibly, or even probably, have such relief there.

But, whether or not appellants could be said, on this record, to have shown that appellee would have a remedy in Louisiana under the compensation statute of that state, ▮▮ there is another and more potent reason why the Mississippi statute applies in this case, notwithstanding Sec. 49(c). We have been unable to find any provision in the Louisiana act whereby that state recognizes the extra-territorial provisions of Chap. 354, Laws of 1948, and exempts employers and employees who are covered in this state. Hence, Sec. 49(c) does not, under its proviso, waive any of the force of the act as related to the injury for which compensation is sought. We are fortified in our conclusion that this case should be affirmed by the fact that appellant LaDew paid, and appellant National Surety Corporation accepted, premiums on workmen's compensation insurance in this state, based on payroll audits which included appellee's wages.

Thereby, a statutory estoppel was created. Sec. 34, Chap. 354, Laws of 1948.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle,* and *Holmes, JJ.,* concur.

## ON MOTION TO CORRECT JUDGMENT

Apr. 13, 1953 27 Adv. S. 30 63 So. 2d 825

HALL, J.

On February 23, 1953, we affirmed a judgment of the circuit court upholding an award of compensation made by the Workmen's Compensation Commission in favor of appellee. 21 Adv. S. 26, 63 So. 2d 56, not yet reported in the State Reports. In entering the judgment of affirmance the clerk made no mention of interest or damages and appellee has filed a motion for correction of the judgment by awarding these items.

Under authority of J. & B. Manufacturing Co., et al. v. Cochran, 17 Adv. S. 18, 62 So. 2d 378, not yet reported in the State Reports, said motion is sustained and the judgment will be corrected so as to award to appellee interest at the rate of 6% per annum on each payment of compensation from its due date, and under authority of M. T. Reed Construction Co., et al. v. Martin, decided March 16, 1953, on motion to correct judgment, 24 Adv. S. 43, and not yet reported, the judgment will be further corrected by awarding to appellee 5% damages on all payments of compensation due at the time this cause was affirmed.

Motion to correct judgment sustained.

*McGehee, C. J.,* and *Holmes, Arrington* and *Lotterhos, JJ.,* concur.