### BOLTON v. O'CONNER et al.

No. 1279.

United States District Court
S. D. Mississippi, S. D.

Aug. 1, 1953.

274

Morse & Morse, Poplarville, Miss., for plaintiff.

Vardaman S. Dunn, Jackson, Miss., for defendants.

MIZE, District Judge.

Plaintiff claims to have sustained an injury on January 8, 1952, while in the em-ploy of the defendant, Tom O'Conner d/b/a Toframa Plantation, and while working for said employer in Poplarville, Mississippi.

The plaintiff, Betty Lou Bolton, was a resident of Bogalusa, Louisiana. Her employment at Toframa Plantation consisted of gathering Tung nuts. She was transported to and from the place of work in a truck engaged by Toframa Plantation.

Tom O'Conner, owner of Toframa Plantation, resides in Massachusetts. He has no residence or place of business of any kind in the State of Louisiana. All labor performed by Betty Lou Bolton was on and in connection with the localized business of O'Conner in the State of Mississippi.

Plaintiff has filed claim with the Mississippi Workmen's Compensation Commission and has secured an award of compensation, as for an alleged hernia sustained in said accident. While the final judgment and award of the Commission is now pending on appeal in the Circuit Court of Pearl River County, the judgment has not been abandoned or in any way vacated. The proceedings in question are described and attached to defendants' Second Defense. In the suit here, plaintiff claims an additional award under the Louisiana act, LSA–R.S. 23:1 et seq.

Propositions Stated.

1. The judgment of the Mississippi Workmen's Compensation Commission is res judicata as to all claims based on plaintiff's injuries and said judgment is entitled to full faith and credit under the Federal Constitution.

2. Aside from the proposition of res judicata, the applicable rule pertaining to conflicts of laws requires application of the Mississippi Compensation Act, to the exclusion of the Louisiana Act, and this is particularly so in a proceeding in the courts of Mississippi.

3. The case is controlled by the "Federal Rules of Decision," statute, 28 U.S. C.A. § 1652.

Res Judicata.

The proposition that the judgment of the Mississippi Compensation Commission is res judicata and a bar to this proceeding

is settled by the opinion of the United States Supreme Court in Magnolia Petroleum Co. v. Hunt, 1943, 320 U.S. 430, 64 S.Ct. 208, 216, 88 L.Ed. 149. This decision is summarized as follows:

The company, petitioner, employed Hunt, respondent, in Louisiana as a laborer in connection with drilling of oil wells. Respondent was a Louisiana resident. He went from Louisiana to Texas in the course of his employment and while there sustained an injury. He sought and obtained in Texas an award of compensation under the Texas law. Subsequently, respondent brought proceedings in Louisiana for an award of compensation under the Louisiana statute. The Louisiana court awarded compensation under the Louisiana statute for greater benefits and ordered payment, subject to credit for amounts paid under the Texas award.

On certiorari to the Supreme Court, it was held that the Texas award was res judicata and entitled to full faith and credit and that Louisiana was without constitutional power to make an award under Louisiana law. Therein the court said:

"* * * Respondent's injury in Texas did not give rise to two causes of action merely because recovery in each state is under a different statute, or because each affords a different measure of recovery. Chicago, R. I. & P. R. Co. v. Schendel, [270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; 26 NCCA 971] supra [citing other cases]. The grounds of recovery are the same in one state as in the other—the injury to the employee in the course of his employment. The whole tendency of our decisions under the full faith and credit clause is to require a plaintiff to try his whole cause of action and his whole case at one time. He cannot split up his claim and 'a fortiori, he cannot divide the grounds of recovery.' United States v. California & O. Land Co., 192 U.S. 355, 358, 24 S.Ct. 266, 267, 48 L.Ed. 476 [478]. Respondent was free to pursue his remedy in either state but, having chosen to seek it in Texas, where the award was res judicata, the full faith and credit clause precludes him from again seeking a remedy in Louisiana upon the same grounds. The fact that a suitor has been denied a remedy by one state because it does not afford a remedy for the particular wrong alleged, may not bar recovery in another state which does provide a remedy. See Troxell v. Delaware, L. & W. R. Co., 227 U.S. 434, 33 S.Ct. 274, 57 L.Ed. 586; cf. Ash Sheep Co. v. United States, 252 U.S. 159, 170, 40 S.Ct. 241, 244, 64 L.Ed. 507, [512]. But as we decided in the Schendel case it is a very different matter to say that recovery can be had in every state which affords a remedy."

Plaintiff in the oral argument had before the court on February 13, 1953, relied upon the case of Industrial Commission v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140. This case involved an Illinois award. Both parties were residents of Illinois and the claimant was employed in Illinois but drove back and forth to work for his employer in Wisconsin. Claimant was injured in the course of his work in Wisconsin. After obtaining an Illinois award of compensation, claimant filed claim for compensation before the Industrial Commission of Wisconsin. In defense of the Wisconsin claim, reliance was had on Magnolia Petroleum Company v. Hunt.

The court distinguished the Hunt case. There was first some discussion as to differences in the Texas act, involved in the Hunt case, and the Illinois act. But the court finally stated that it was not necessary to rest the decision upon this difference, in view of the fact that the employer and employee had stipulated, as a basis for the Illinois award, that it would be without prejudice to claimant's rights to secure compensation in Wisconsin and that this agreement was made a part of the Illinois award.

There is no substantial difference between the provisions of the Texas statute and the Mississippi statute, insofar as the exclusiveness of liability is concerned. The Hunt case is a clear-cut authority in the case at bar and the court did not pur-

port to overrule that decision in the Mc-Cartin case. It is controlling here.

### Conflicts of Laws.

The Louisiana compensation statute does not in terms purport to cover nonresident employers, even if it might constitutionally do so, who have no business or business establishment in that state.

While in the case at bar the employee was a resident of Louisiana, the employer was a nonresident and had no business in Louisiana. It may be assumed for the sake of argument that the contract of employment was made in Louisiana, but the fact remains that performance was localized in Mississippi.

■ The employment was subject to the laws of the State of Mississippi, whereunder compensation was provided. It was not subject to the laws of Louisiana.

Mississippi had and has the right to apply its own compensation laws to injuries occurring within its borders. Plaintiff is here asking a court in Mississippi to disregard the Mississippi law and apply the law of another state. Not only is this court not required to do this under the constitution, but the applicable rule of law requires application of the Mississippi statute.

The leading case on this subject is Watts v. Long, 1928, 116 Neb. 656, 218 N.W. 410, 413, 59 A.L.R. 728. In this case, Watts was a contractor. He resided and had his principal place of business in Kansas. He maintained only temporary quarters in Nebraska. He had had a paving job in Nebraska, but this had been completed. Whereupon he hired plaintiff, Long, a resident of Nebraska, for the purpose of going to the State of Kansas and working on a paving job in that state. The contract of hiring was made in Nebraska. The court held that the Kansas statute applied to the exclusion of the Nebraska statute.

The court concluded its opinion as follows:

"What is the situation here? Assuming the existence of a binding contract in the terms claimed by the plaintiff, it had specific reference to work to be performed in the state of Kansas. The defendant at the time had no contracts for and was not engaged in any work in the state of Nebraska and, therefore, was not carrying on any industry in this state to which the contract was referable or to which the work in Kansas was an incident. The argument of plaintiff that the work in Kansas was incidental to the industry carried on in Nebraska by reason of the provision that upon completion of the work in Kansas plaintiff should return to work for defendant in Nebraska is unsound for the reason that at that time there was no work in Nebraska to which the provision might be applied and none might ever be secured. This provision, therefore, falls for want of a subject, or at least lay dormant until further contracts were secured.

"It is well established that the law of the state in which a contract is made and is to be performed is considered as written into and becomes a part of and governs the contract; but, where a contract made in one state is to be performed in another, the rule is equally well established, as hereinbefore noted, that the law of the place of performance governs the contract. We are, therefore, of opinion that when the parties entered into the contract in question for the performance of work in the state of Kansas, the Workmen's Compensation Law of Kansas (Laws 1911, c. 218, as amended) became a part of the contract so far as that work was involved, and that plaintiff must seek compensation in that state.

"We conclude that the courts of this state are without jurisdiction in the premises, on the ground that plaintiff's employment was not incidental to any industry conducted in this state, and that, in fact, no such industry was being conducted at the time of plaintiff's injury, and that the district court and commissioner erred in holding to the contrary."

The Nebraska case, Watts v. Long, was expressly followed by the Louisiana court in a case on all-fours with the facts in the case at bar. This case is Durrett v. Eicher-Woodland Lumber Company, 1932, 19 La.App. 494, 136 So. 112, 140 So. 867, 869. The facts were that a Louisiana resident was employed by a Mississippi

industry to work in Mississippi. The employer had no place of business in Louisiana at the time of employment. The contract of employment was made in Louisiana. The court held that the employee was not entitled to the benefits of the Louisiana compensation law for an injury which occurred in Mississippi. The court said:

"So far as the question of when, where, and how plaintiff was employed is concerned, we now think, after again examining the testimony and the law applicable, makes little difference. We think the location of the industry where plaintiff was to perform the services has more to do with his right of recovery than the place where he was employed. B. J. Sharp, the employer, living at Woodville, Miss., wrote from his home there to plaintiff at plaintiff's home at Pitkin, La., offering plaintiff a position as sawyer at Sharp's sawmill at or near Woodville. Plaintiff replied accepting the offer and reported for work a few days later. It would have made no difference if Sharp had gone to Louisiana and employed plaintiff at Pitkin, or plaintiff had gone to Sharp at Woodville and there entered into an agreement of employment. The industry where plaintiff was to work was located in Mississippi, was essentially a Mississippi industry, was subject to the laws of that state, and plaintiff under these circumstances, when injured, would have to recover, if at all, under the laws of that state."

Also:

"While it is true that the Employers' Liability Act of Louisiana should be liberally construed, we think it clear that it is wholly out of the question to put such a construction upon it as to make it apply to cases of this kind.

"Plaintiff's able counsel has cited, as controlling, the case of Hargis v. McWilliams Co., 9 La.App. 108, 119 So. 88. In that case, the plaintiff was sent to Florida to perform some special repair job of work. His employer did not go to Florida and set up a business as a going industry, did not move his business to that state, but his business remained established and located in Louisiana. The work plaintiff in that case was

sent out of the state to do was only temporary. We do not think the facts in that case applicable to the present one.

"We have been unable to find a case from Louisiana similar to this one, and have been cited to none by counsel.

"Counsel for defendant has cited some cases from other states which present a state of facts similar to the present case, and the views there held are in accord with the views herein expressed.

"In Watts v. Long, 116 Neb. 656, 218 N. W. 410, 50 A.L.R. 728, the court laid down the following principle of law:

" 'The Employers' Liability Law of this state (Laws 1913, c. 198, as amended) is not applicable to a nonresident employer and resident employee, where the contract of employment was made in this state for services to be performed in another state, and the employer was not, at the time of the contract, engaged in any trade, business, profession, or avocation in this state.

" 'Such law is applicable where the employer is engaged in any trade, business, profession, or avocation in this state and the employee, while performing work incident to such business in another state, is there injured'—citing New York Cent. R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1, Ann.Cas.1917D, 629; Mountain Timber Co. v. State of Washington, 243 U.S. 219, 37 S.Ct. 260, 61 L.Ed. 685, Ann.Cas.1917D, 642.

"The latter paragraph above quoted sets forth the application of the extraterritorial power of the Employers' Liability Law. The Hargis Case is an example of its application in this state. The Watts v. Long case, above referred to and those cited in connection with it, not only recognize this extraterritorial power of the Workmen's Compensation Law of the various states which have the law, but it also holds that such a law is not applicable to a nonresident employer and resident employee where the services to be performed are in another state, and the employer was not, at the time of the contract, engaged in any trade or business in the state of the resident employee, as set out in the first paragraph above quoted from the decision. And this,

according to the decision, is true, even in cases where the contract of employment is made in the state of the employee's residence."

Also:

"Under the circumstances as above outlined, clearly plaintiff would have no rights under the Louisiana Employers' Liability Act to recover from the Sharps. And his right to recover from Eicher-Woodland would, we think, be governed or determined from his relations toward his employer, the Sharps; hence he has no rights as against the Eicher-Woodland.

"As previously stated, we do not think the place where the contract of employment was entered into is decisive. In fact, it would have little to do in determining whether plaintiff's claim comes under the act. It frequently happens that employers of businesses and industries of various kinds go or send into other states than that where such businesses are located to employ their labor.

"The Long Bell Lumber Company, for example, which has a large sawmill in Longview, in the state of Washington, might write or send here to Louisiana, where it has in the past operated several sawmills, and employ some of its old Louisiana men and take them or pay their way to Longview and put them to work in its mill there. If one of them should be injured while working there, his right to recover would be governed by the laws of the state of Washington, and not that of Louisiana.

"The location of the industry is important. In the Watts v. Long Case, above quoted from, which is very similar to the present case, the court used the following language: 'The general rule is well established that, where the place of the contract and place of performance are the same, the law of the place where made will govern the contract; but it is equally well established that, where the contract is made in one place to be executed in another, it will be governed by the law of the place of performance.'

"It is our view, since making a further examination of the testimony in this case, and of the law applicable, that we were in error in our former holdings, and we now conclude that plaintiff's claim does not come under the Employers' Liability Act of Louisiana, and we so hold.

"Therefore, for the reasons assigned, our former opinion is recalled and set aside, and the judgment of the lower court is reinstated and made the judgment of this court, and it is so ordered."

The Durrett case was reaffirmed by the Louisiana court in Abood v. Louisiana Oil Refining Corporation, La.App., 1934, 155 So. 484, 486. The court said:

"In Hargis v. McWilliams Co., Inc., 9 La.App. 108, 119 So. 88, 89, it is held that where a citizen of Louisiana, employed in Louisiana by a Louisiana corporation to go to another state and work, and is there injured, the Louisiana Workmen's Compensation Law controls. In that case the court said:

" 'It is immaterial under the act where the work has to be done; the law looks to the workman, not to the place where the work is done. The workman is not deprived of the protection of the law because the work is done outside of Louisiana.'

"To the contrary, in the case of Durrett v. Eicher-Woodland Lbr. Co., 19 La.App. 494, 136 So. 112, 140 So. 867, on rehearing, it is held that the location of the industry where the services are to be performed has more to do with the right to recover than the place of contract. The opinion in this case decidedly narrows and restricts the ruling in the Hargis Case. In the Durrett Case a citizen of Louisiana contracted in Louisiana with a firm located and doing business in the state of Mississippi to do work solely in Mississippi, unconnected with any work being carried on in Louisiana, and received injuries while working there. Based upon this finding of fact, the court held that the right to recover for injuries so received is governed by the law of Mississippi; that though liberally construed, the Compensation Law of Louisiana cannot be extended to such a case, which is distinguished from that of Hargis v. McWilliams Co., supra, in that in the latter case the employer was a Louisiana

concern which employed Hargis to go out of that state to do temporary or transit work, with the intention of returning to Louisiana.

"As we understand the decision in the Durrett Case, its finding is that where work is wholly to be performed in another state, not incidental to the business of the employer located in the state where the contract is entered into, the contract is governed by the Compensation Law of the state where the work is to be performed, and not of the state where the contract was entered into.

"In the case of Selser v. Bragmans Bluff Lumber Co., La.App., 146 So. 690, 695, in distinguishing the Durrett Case, the court, we think, is mistaken when it says: 'In the Durrett Case the court finally concluded that the contract was entered into in Mississippi, after defendants had permanently left the state of Louisiana and located in Mississippi.' We understand the court to say in the Durrett Case that the employer's letter mailed from Mississippi to the employee at his Louisiana residence and there accepted by him constituted a Louisiana contract. Unless this is so, the opinion is without significance, and the expression of the court, that it makes no difference, under the circumstances, where, when, or how the contract was entered into, without meaning. The facts in the Selser Case clearly distinguish it from the Durrett Case and that before us for decision, because in the Selser Case deceased was employed in Louisiana by a Louisiana corporation to do work in Nicaragua of a transient and temporary character in connection with and incidental to its Louisiana industry; the Nicaragua branch being entirely controlled and managed from the main office in New Orleans."

The following quotations are taken from 3 A.L.R.Digest "Conflicts of Laws," pages 42–43, Section 90:

"A citizen of Ohio is not protected by the Ohio Workmen's Compensation Act when injured while performing work of a purely local character in another state. Spohn v. Industrial Commission, 138 Ohio St. 42, 32 N.E.2d 554, 133 A.L.R. 951."

"Where a contract of hire is made in a state, to be performed wholly outside the state, it is not governed by the Workmen's Compensation Law of that state. Elk River Coal & Lumber Co. v. Funk, 222 Iowa 1222, 271 N.W. 204, 110 A.L.R. 1415."

"The situs of injuries sustained in the course of his employment by one employed in one state, but injured at winter headquarters in another, premiums for all men employed there, including the injured employee, being paid by the employer in the latter state and not in the former, was in the latter state. Altman v. North Dakota Workmen's Comp. Bureau, 50 N.D. 215, 195 N.W. 287, 28 A.L.R. 1337."

These authorities demonstrate that the Mississippi act must be applied.

### Federal Rules of Decision.

Aside from the two propositions above discussed, it appears that the case at bar is controlled by a less complicated principle. 28 U.S.C.A. § 1652 provides as follows:

"§ 1652. State laws as rules of decision

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. June 25, 1948, c. 646, 62 Stat. 944."

Plaintiff might conceivably be in a different position if the present suit had been filed in the Federal or State Court of Louisiana. But he is here seeking to have the Federal Court in Mississippi apply the Louisiana statute to an accidental injury occurring in Mississippi, which is covered by the Mississippi Workmen's Compensation Law and, moreover, the effort is made despite the adjudication of the Mississippi Workmen's Compensation Commission, which has the force and effect of a judicial decree.

The Mississippi Compensation Act, Chap. 354, Laws of 1948, provides in Section 5 that the liability of an employer to pay compensation "shall be exclusive and in place of all other liability of such employer to

the employee, * * * at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this act * * *."

The employer in this case secured the payment of compensation in Mississippi, under the Mississippi Act. He did not secure the payment of compensation in Louisiana, or under the Louisiana Act.

In this situation, if the claim had been filed in Mississippi for benefits under the Louisiana Workmen's Compensation Act, in the first instance, a state court would have been required to apply the Mississippi Act if compensation had been secured thereunder. This was held in LaDew v. La Borde, Miss., 1953, 63 So.2d 56. In this case the defense was that the Louisiana Compensation Act was the exclusive remedy. In that case claimant, appellee, was hired in Louisiana and the greater part of his work was in that state. But the injury was received in Mississippi. The court pointed out that under such circumstances, either Louisiana or Mississippi had jurisdiction of the claim and the court applied the Mississippi compensation statute.

After the claimant in this case has secured an award of compensation in Mississippi, a state court would not entertain another proceeding in Mississippi for compensation under the laws of a foreign state. Under the Federal Rules of Decision statute, a federal court in Mississippi would be required to recognize the Mississippi adjudication and to apply the Mississippi law in preference to the Louisiana law in this situation.

In proceedings in Mississippi, whether in the state or federal courts, the local law must be applied. A different situation would result if no remedy were provided under the Mississippi law.

As stated in Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S. Ct. 1233, 1235, 93 L.Ed. 1520:

"* * * But in the present case we look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the measure of it is to be

found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. See Cities Serv. Oil Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 482, 87 L. Ed. 645, [651], 144 A.L.R. 719 * * *."

Let the motion for summary judgment be sustained and the complaint be dismissed.

Order may be drawn in accord herewith.