IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-61009
Summary Calendar

ROBERT J. ELLIS,

Plaintiff-Appellant,

LIBERTY MUTUAL INSURANCE COMPANY,

Intervenor Plaintiff-Appellant,

v.

TRUSTMARK BUILDERS, INC.;
SCOTTY JONES, Individually and as Employee/Agent of Landings
Associates, Ltd., The Mitchell Company, and Trustmark Builders, Inc.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 1:04-CV-120

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Robert Ellis was injured in the course of his employment on a construction project in Mississippi. The relationships between the relevant parties can be summarized briefly. The property on which the construction took place was owned by Landings Associates ("Landings"), which hired The Mitchell Company ("Mitchell") as general contractor; Mitchell hired defendant Trustmark Builders ("Trustmark") as a subcontractor, and Trustmark hired Rusty Stevens, Ellis's immediate employer, as a sub-subcontractor. Ellis was injured when he fell from a lifting apparatus constructed by Scotty Jones, an employee of Trustmark.

Landings, Mitchell, and Trustmark are incorporated in Alabama and have their principal places of business there. Ellis had worked for Stevens in Alabama for some months before his injury. Alabama is also the state of residence of Jones and Stevens and the state in which Stevens had obtained workers' compensation insurance. Though Ellis has in fact received compensation for his injuries under the Alabama Workers' Compensation Law, he sought additional damages in tort.

Whether Ellis's suit may proceed depends on whether the Alabama or Mississippi workers' compensation system applies. The Mississippi Workers' Compensation Law, MISS. CODE ANN. § 71-3-1 et seq., provides an exclusive remedy for employment-related injuries occurring within its ambit.[1] This precludes in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Compare MISS. CODE ANN. § 71-3-7 ("Compensation shall be payable for disability or death of an employee from injury or occupational disease arising out of and in the course of employment, without regard to fault as to the cause of the injury or occupational disease.") with MISS. CODE ANN. § 71-3-9 ("The liability of an employer to pay compensation shall be exclusive
(continued...)

jured employees from seeking additional remedies, such as in tort, from their employers or co-employees.[2] In contrast, Alabama permits tort suits in workers' compensation cases even where the injured employee has received workers' compensation benefits.[3]

The district court, deciding that Mississippi law applies, granted summary judgment to Trustmark. Ellis appeals, and we vacate and remand.

## I.

We review a summary judgment de novo, see Potter v. Delta Airlines Corp., 98 F.3d 881, 883 (5th Cir. 1996), and affirm "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(c). Here, where the parties appear to be in agreement on all relevant facts, we proceed to consider the law.

## II.

The question of which state's law applies is one of choice of law, and, as a federal court sitting in diversity, the district court was required to apply Mississippi choice-of-law rules.[4] Mississippi follows the choice-of-law rules set out in

---

[1] (...continued)
and in place of all other liability of such employer to . . . anyone . . . at common law or otherwise."). See also Wachtler v. State Farm Mut. Auto. Ins. Co., 835 So. 2d 23, 26, 28 (Miss. 2003) (concluding that "workers compensation is the exclusive remedy for an injured employee against a co-employee").

[2] See Perkins v. Ins. Co. of N. Am., 799 F.2d 955, 958-59 (5th Cir. 1986).

[3] See ALA. CODE ANN. § 25-5-11 ("If the injury . . . was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer . . . the employee . . . may . . . recover compensation under this chapter . . . and at the same time, may bring an action against the other party to recover damages . . . .").

[4] See Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665 (5th Cir. 2003) (citing Klaxon
(continued...)

the RESTATEMENT (SECOND) OF CONFLICTS OF LAW ("RESTATEMENT"), also known as the "center of gravity" or "most substantial contacts" approach.[5] Using that method, a Mississippi court, and thus the district court, must apply the law of the state with "the most significant relationship" (as determined through an elaborate balancing test) to the case's subject matter,[6] unless there is an applicable statutory directive.[7] The district court correctly noted all this but erred in concluding that the Mississippi Code contains such a directive.

The "Extraterritorial Provisions" of the Mississippi Workers' Compensation Law, on which the district court focused its attention, address the application of that law to "employee[s] who [have] been hired or [are] regularly employed outside of [Mississippi] and [their] employer[s]" while the employees are "temporarily within [Mississippi] doing work for [their] employer[s]." MISS. CODE ANN. § 71-3-109(3). That provision continues as follows:

> Any employee who has been hired or is regularly employed outside of this state and his employer shall be exempted from the provisions of this chapter while such employee is temporarily within this state doing work for his employer if such employer has furnished workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state so as to cover such employee's employment while in this state, provided the extra-territorial provisions of this chapter are recognized in such other state and provided employers and employees who are covered in this state are likewise exempted from the application of the workmen's compensation or similar laws of such other state. The benefits under the workmen's compensation or similar laws of such other state shall be the exclusive remedy against such employer for any injury, whether resulting in death or not, received by such employee

---

[4] (...continued)
Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

[5] See Church v. Massey, 697 So. 2d 407, 410 & n.1 (Miss. 1997).

[6] See id.

[7] See Mitchell v. Craft, 211 So. 2d 509, 515 (Miss. 1968) (quoting RESTATEMENT § 6).

while working for such employer in this state.

Id.

The district court, citing LaDew v. LaBorde, 63 So. 2d 56 (Miss. 1953),[8] and Roynon v. Janet's Cleaning Service, 521 A.2d 1271 (Md. Ct. Spec. App. 1987) (applying Maryland's virtually identical statute), interpreted this language as creating a free-standing statutory framework to govern choice of law in workers' compensation cases such as this. According to the district court, § 71-3-109(3) requires that the Mississippi Workers' Compensation Law be applied to injured workers such as Ellis when two conditions are met: First, the employer must "furnish workmen's compensation insurance coverage under the workmen's compensation or similar laws for a state other than this state so as to cover such employee's employment while in [Mississippi]." Second, the extraterritorial provisions of the Mississippi statute must be "recognized" by the other state whose coverage the employer elects to provide. See § 71-3-109(3).

Where this test is satisfied, under the district court's reading, the other state's law takes precedence over Mississippi's. The district court found that Ellis did not meet the test. Though Stevens provided Alabama workers' compensation to Ellis, the court decided that the Alabama statute does not "recognize" the extraterritorial provisions of Mississippi law set out in § 71-3-109(3), so the Mississippi law would not yield to Alabama's, and, because Mississippi's law does not permit Ellis's suit, the court granted summary judgment.

To the extent that the district court followed the test set out in LaDew, it seems to have done so correctly. The LaDew court, however, employed that test only after its initial choice-of-law analysis showed that Mississippi law applied

---

[8] LaDew applied the predecessor statute of § 71-3-109(3). The texts are identical in all relevant respects, however, and LaDew remains the only Mississippi case on-point.

in the first place.[9] This court made that explicit in Dueitt v. Williams, 764 F.2d 1180, 1182 (5th Cir. 1985), baldly stating that "the statute [§ 71-3-109(3)] is not one governing conflict of laws."

In other words, § 71-3-109(3) is not a statutory directive that takes the place of Mississippi's ordinary choice-of-law rules, which remain antecedent to application of § 71-3-109(3). Therefore, before the district court may consider § 71-3-109(3), it must find that Mississippi choice-of-law rules direct it to apply Mississippi law. If consideration of those choice-of-law rules directs the district court to Alabama law, then § 71-3-109(3) is irrelevant.

The district court did not consider Mississippi choice-of-law rules at all, instead focusing exclusively on the statute. The parties have discussed Mississippi choice of law in their briefs, but the district court is the better forum for deciding their competing arguments. We therefore VACATE and REMAND with instruction that the district court consider whether Mississippi or Alabama law applies and for other proceedings as appropriate.

---

[9] See LaDew, 63 So. 2d at 58 ("We conclude, therefore, that the Mississippi compensation act was properly enforced in the case at bar, unless its application is excluded by its own terms in [§ 71-3-109(3)].").