RAILWAY EXPRESS AGENCY, INC. *v.* HOLLINGSWORTH, et al.

No. 39272 October 4, 1954 74 So. 2d 754

November 15, 1954 75 So. 2d 639

690

*Byrd, Wise & Smith,* Jackson, for appellant.

*Travis & Moore,* Jackson, for appellees.

APPELLANT IN REPLY.

Hall, J.

This case raises the question whether appellant is liable for workmen's compensation benefits to the widow and children of Mallory E. Hollingsworth, appellees here, on account of his death which occurred by reason of a heart attack while he was engaged in and about the discharge of his duties as an employee of appellant in the delivery of express shipments in the City of Jackson at 3:18 p. m. on January 3, 1953.

There is no substantial dispute as to the material facts except in the opinion of the two medical experts, both eminently qualified, one of whom gave it as his opinion that the emotional strain and the physical stress of the employee's work directly contributed to the attack and consequent death, the other maintaining that there was no causal connection between the work and the heart attack. Claimant's medical witness supported his opinion by quotations from the works of several outstanding medical writers, and the employer's medical witness supported his opinion by like quotations to the contrary. The latter was of that school of medical thought who believe that a heart trouble is never aggravated by physical exertion, though he admitted that he advised his patients not to engage in heavy physical activity. The former was of that school of medical thought who believe that heavy and unusual physical exertion, especially when accompanied by emotional stress or strain, will precipitate a fatal attack or at least contribute to its onset.

Deceased had been in his present employment for nearly ten years. His duties varied over the years but

for more than eight months prior to his death he had worked as a chauffeur, his duty being to drive one of the company's trucks and make and collect for deliveries of express shipments. The shipments for each route were segregated at the station, and it was the chauffeur's duty to load the truck for his route and then go out and make deliveries. The work for the month of December was unusually heavy because of an increase in the number of shipments during the holiday season. Ordinarily the chauffeur worked five days of eight hours each and then rested for two days. During December, 1952, however, Mr. Hollingsworth worked every day from the 8th through the 26th except on the 14th when he had one day off. He had two days off from his work on the 27th and 28th, and was transferred to what is known as the perishable run. On this run he was required to deliver perishable shipments, many of which consisted of frozen food and are usually wet and slippery and are messy and difficult to handle. After resting on January 1st and 2nd, 1953, he resumed his duties on Saturday, January 3rd, reporting for work at 2 p. m. The loading of his truck consumed about thirty minutes. He delivered several shipments of flowers at the terminal, being four boxes weighing 207 pounds, one carton weighing 48 pounds, and seven boxes weighing 192 pounds. Later he called at the place of business of the consignee thereof and collected the express charges. He delivered to a restaurant on Capitol Street a box of frozen fresh meat weighing 102 pounds. He delivered to Robt. E. Lee Hotel a 30 pound box of water cress and three boxes of frozen poultry weighing 324 pounds. The record does not show the weight of each box but obviously they could not have weighed less than 108 pounds each. In making this delivery deceased was required to carry these boxes up a flight of stairs and deposit them on a platform leading to the kitchen. The exact height of these stairs is not shown, some saying there were eight or ten steps and

some putting the height from 8 to 12 feet. He then delivered two cartons of food to another place; these weighing 9 and 30 pounds respectively. He also delivered to another place a box of flowers weighing 53 pounds. He then drove to a restaurant at the corner of North State Street and Meadowbrook Road to deliver a box of frozen meat and as he approached the rear of this restaurant his truck ran into a small shrub and stopped. Persons in the vicinity went to the truck and discovered that Mr. Hollingsworth was dead in the driver's seat. It was then 3:18 p. m., so that he had made the calls enumerated in a period of about 48 minutes. There was evidence that deceased had worked under a strain during the month of December. The traffic which he had to encounter during December was unusually heavy, and it was unusually heavy on the day of his death. He was somewhat listless during the holiday season and did not pay the usual attention to his children.

The attorney-referee denied compensation but was reversed by the commission and compensation was awarded by the majority thereof. This award was affirmed by the circuit court on appeal, and the employer appeals here.

■■■ Appellant contends first that the attorney-referee is the sole trier of facts and that the commission and the courts are bound by his findings. We do not think so and agree with the holding of the circuit court that the attorney-referee is no more than a facility for conducting the business of the commission and that for all practical purposes the commission is the actual trier of facts. This seems to be clear from a consideration of the Workmen's Compensation Act, and particularly Section 18 thereof (Chapter 354, Laws of 1948) which provides that "The commission shall have full power and authority to determine all questions relating to the payment of claims for compensation."

 Appellant's principal contention, however, is that there was no causal connection between the employee's work and his death. As we have already pointed out, one specialist was of the opinion that there was a causal connection between the work and the death, and the commission accepted his opinion and rejected the opinion of the other expert that physical exertion will not contribute to a heart attack. In Fischer v. Gloster Lumber & Builders Supply Co., 57 So. 2d 871 (not reported in the State Reports) where the sole question was whether Fischer's work had contributed to his heart attack which occurred at a time when he was not in the discharge of the duties of his employment, one expert testified in the affirmative and the other in the negative and the commission accepted the testimony of the latter, and we said: ''The finding of the commission was based chiefly upon the testimony of these doctors. We are unable to say that its conclusions were either without support or arbitrary.'' Likewise in the case at bar, the finding of the commission was based upon the testimony of one of the doctors and we are unable to say that its conclusions are arbitrary nor that they are without support. LaDew v. LaBorde, 216 Miss. 598, 63 So. 2d 56; Pearson v. Dixie Electric Power Assn., et al., 70 So. 2d 6, not yet reported in the State Reports; Cowart v. Pearl River Tung Co., 67 So. 2d 356, not yet reported in the State Reports.

The cause will accordingly be affirmed and remanded so that the commission may supervise and enforce the payments of the award.

Affirmed and remanded.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.

ON MOTION TO ASSESS DAMAGES AND INTEREST

LEE, J.

In Mills v. Jones Estate, 213 Miss. 680, 57 So. 2d 496, in refusing the allowance of damages of 5%, the Court

said: "It appears that neither the Commission nor the circuit court rendered a money judgment. The judgments, or awards, simply adjudicated that the death was compensable without undertaking to fix the amount of such compensation. We cannot fix the amount here."

In Stephens v. Moore, 215 Miss. 3, 60 So. 2d 391, again in declining to assess damages of 5% the Court said: "The lower court adjudged liability but did not render a money judgment."

Subsequently in Jackson v. Fly, 215 Miss. 311, 63 So. 2d 536, and M. T. Reed Construction Company v. Martin, 215 Miss. 478, 63 So. 2d 532, damages in the amount of 5% on the total amount of weekly installments accrued and unpaid to the date of affirmance here were allowed. It is true that, in those cases, the actual amount of the weekly installments was specifically stated in the orders of the Commission.

This question is recurring from time to time, and it has been maturely considered in conference by all of the Judges, with the following conclusion: Since the wages of the decedent were shown, and the commission awarded to the claimants, the widow and children in this instance, the benefits provided by (c), Section 9, Chapter 354, Laws of 1948, the amount of the award was in fact made certain and specific. The exact dollars and cents were determinable by a simple mathematical calculation; and it can truly be said that the judgment was affirmed "for a sum of money," and that "damages shall be upon such sum" as provided by Section 1971, Code of 1942. This is also in accordance with Section 20, Chapter 354, Laws of 1948, as amended by Section 10, Chapter 412, Laws of 1950.

If Mills v. Jones Estate, supra, and Stephens v. Moore, supra, are in conflict with what is now determined, they are, to that extent, overruled.

Hence the damages in the amount of 5% are allowed on the total amount of weekly installments accrued and

unpaid from the date of the order of the commission, to-wit: September 12, 1953, to the date of the judgment of affirmance here. Interest thereon at 6% per annum follows·as a matter of law. Section 39, Code of 1942.

The motion to assess damages and interest is therefore sustained.

Sustained.

All Justices concur.

### ON MOTION FOR APPROVAL AND ALLOWANCE OF ATTORNEYS' FEES

■■ The amount and method of payment of attorneys' fees in this instance are governed by Sunnyland Contracting Company, et al. v. Leona Kelly Davis, et al., No. 39,282, this day decided.

Consequently, the motion is sustained in part, and attorneys' fees in the amount of 33⅓ per cent of the award, for all services performed by claimants' attorneys in this cause, to be computed and paid in accordance with the holding of the above styled cause, are approved and allowed.

Sustained in part, and attorneys' fees approved and allowed.

All Justices concur.