PASCAGOULA CRAB COMPANY *v.* HOLBROOKS

No. 40468        April 15, 1957        94 So. 2d 233

*Carl A. McGehee,* Pascagoula for appellant.

*Mitchell & Simmerman,* Pascagoula, for appellee.

ETHRIDGE, J.

On September 28, 1953, appellee Ethel Lee Holbrooks was working for appellant, Pascagoula Crab Company, which is the firm name for the sole owner J. P. Lowe. She was engaged in processing crabs, and part of her duties required her to take containers of garbage out of the plant. While doing so, she slipped and fell violently

on the floor, sustaining an injury to her coccyx, designated as traumatic coccyodynia, and a fractured rib. She notified the floor supervisor that she had been injured.

Appellant-employer, although employing more than eight people, did not carry workmen's compensation insurance. Code 1942, Sections 6998-03, 6998-05, 6998-42. No disability benefits were paid appellee, who was ignorant of the fact that she was entitled to them. Although continuing to suffer considerable pain and discomfort, appellee continued working until January 1954. On March 21, 1955, Dr. Reuben P. Morris examined her and found a fractured rib, and in October 1955 he ascertained the damage to the coccyx. On October 19, 1955, Dr. William C. Hannon, a specialist in orthopedics, of Mobile, examined appellee and confirmed the two injuries. He estimated her permanent partial disability at twenty percent. Both of the doctors were of the opinion that the injuries were of traumatic origin. Appellee testified that she received them from the fall at appellant's plant, although at the time she did not realize that they were of this degree. There is no dispute in the record that appellee received these injuries from the fall at appellant's plant.

The injuries have continued to be most painful, and at the time of the hearing in October 1955, appellee was not able to perform manual labor, for which she was qualified, but only worked some around the house. Before the fall she was in good health. On September 21, 1955, appellee filed her first claim for compensation benefits. This was about seven days less than two years after her injury. The attorney-referee held that there was insufficient evidence upon which to base an award. The Workmen's Compensation Commission reversed this decision, and awarded appellee permanent partial dis-

ability benefits based upon a twenty percent total disability, under the "other cases" provisions of Code Section 6998-09 (c) (21). The circuit court affirmed the Commission's order.

■■ Appellant again raises the old question, which has long been settled adversely to it, of whether the attorney-referee or the Commission is the trier of facts. Appellant says that the attorney-referee's order should be affirmed. However, it is well-established that the Commission is the trier of facts in workmen's compensation cases, and not the attorney-referee. Ingalls Shipbuilding Corporation v. Dickerson, 92 So. 2d 354 (Miss. 1957).

■■ The award of compensation by the Commission is amply supported by the evidence. In fact, it is uncontradicted that appellee's injuries arose out of and in the course of her employment.

■■ Code Section 6998-18 provides: "Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made, and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred." Appellee was injured on September 28, 1953. She filed her claim for compensation on September 21, 1955, less than the two-year limitation period in this statute.

Affirmed.

*Roberds, P. J.*, and *Hall, Holmes* and *Gillespie*, JJ., concur.