FONDREN *v.* FORTENBERRY DRILLING COMPANY, et al.

No. 40732 April 7, 1958 101 So. 2d 654

*Forrest A. Johnson, Robert L. Netterville,* Natchez, for appellant.

*Young, Daniel & Coker,* Jackson, for appellees.

Lee, J.

Willie F. Fondren made claim against his employer, Fortenberry Drilling Company, and its carrier, under the Workmen's Compensation Act, for disability benefits on account of an injury, alleged to have been sustained about 8 o'clock P. M. on November 1, 1955, to his teeth, coccyx, sacrum and rectum. At the conclusion of the hearing, the attorney-referee awarded medical benefits

and weekly compensation of $25 from November 6, 1955, to June 9, 1956, holding that the claimant reached maximum improvement at that time without any residual disability. On review by the Commission, the award was affirmed. Fondren appealed to the circuit court where the award was again affirmed. From that judgment, he has appealed to this Court.

The evidence was in hopeless conflict and developed two sharply disputed issues: (1) Whether Fondren in fact sustained a trauma from which his claimed injuries could have resulted; and (2) whether such injuries actually existed.

It is beyond question that he was struck in the mouth by a part of the elevator, and sustained damage to some of his teeth.

Fondren testified that he was knocked against the drill pipe, and as a result, he either fell or sat down on the pedal and was hit by it on the coccyx and in the rectum. If that version was true, he could have doubtless sustained an injury to the coccyx, the congenital anomaly on the left side of the lumbar vertebra could have been aggravated and lighted up, and the existing hemorrhoid condition could have been adversely affected.

But D. T. Landrith, the driller and foreman, the only other eye-witness, testified that he was looking directly at Fondren at the time; that he was not knocked down or against anything; that he did not fall; and that this could not have happened without his seeing it. If this version was true, obviously there was no occasion for Fondren to suffer a trauma to his back; and if in fact it later developed that he was suffering from trouble in that area, it could not reasonably be concluded that the work proximately caused it or contributed thereto. Besides the evidence for the employer was to the effect that he worked for three days, November 2, 3, and 5, until the work was completed, without complaint as to any injury other than his teeth.

Thereafter, on January 3, 1956, Fondren was examined by Dr. T. M. Moore of Vicksburg. The doctor had X-rays made, and from these pictures, the physical examination, and the history, he reached his diagnosis, namely, that Fondren, on account of a trauma, in addition to the injury to his teeth, sustained a fracture of the coccyx, a rectal injury, and that a congenital anomaly on the left side of the last lumbar vertebra had become symptomatic. He was of the opinion that, owing to a previous hemorrhoidectomy, it was speculative as to whether the accident caused the rectal bleeding. He also said that, barring other complications, Fondren should have had a complete recovery from the coccyx condition. As to the anomaly, he thought that its aggravation would cause low back pain and render the victim unable to work until the last vertebra was fastened. He conceded that some doctors might disagree with his interpretation of the X-ray pictures and might be of the opinion that no fracture appeared. This was the only time that the doctor saw Fondren. He did not treat him, but advised him to go to the Veterans Hospital because he was eligible.

About a week later, Fondren was examined by Dr. Jack V. King of Jackson. This doctor found no active bleeding at the time and no muscular spasm in the lumbosacral region of the back. Full motion was present without complaint of pain, and the reflexes were equal and active. He had X-rays made and could find therefrom no evidence of an old or recent fracture of the coccyx. He also studied and read the X-rays from which Dr. Moore testified, and differed from him as to what they revealed. He could see no fracture in them. He was also of the opinion that the anomaly was in no way aggravated, accelerated, or lighted up by anything which Fondren gave in the history.

On March 12, 1956, Fondren went to Dr. F. S. Dixon at Natchez because of bleeding from the rectum and pain in the hip. The history, which this doctor took,

showed that the patient had had a hemorrhoid and cyst operation in the Veterans Hospital about three weeks before. Such bleeding, in his opinion, was not unusual following such an operation. It had ceased entirely when he left the hospital about five days later. The doctor's record did not disclose and he did not remember whether Fondren complained of pain in the coccyx area. This doctor, a general practitioner, preferred not to give an opinion based on the facts set out in a hypothetical question.

If the Commission had accepted Fondren's version as to how he got hurt and Dr. Moore's evaluation as to the cause and extent of the injuries, and had awarded more substantial benefits, this Court would not have been warranted, on this record, in setting the order aside as against the great weight of the evidence, or as arbitrary, or as not being supported by substantial evidence. Sones v. Southern Lumber Co., 215 Miss. 148, 60 So. 2d 582; Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So. 2d 221; Railway Express Agency, Inc. v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754; and other cases too numerous to mention.

■■■ ■ The Commission evidently accepted the opposite version of Landrith as to what occurred at the time of the accident, and Dr. King's evaluation as to the extent of Fondren's injuries. In addition there was proof of a hemorrhoid operation in 1948 or 1950, and again some time in February 1956, and that there was no bleeding when he was discharged from the hospital in March 1956. If it be conceded that some injury occurred to the coccyx, Dr. Moore was of the opinion that, barring other complications, there should have been a complete recovery from that trouble. Besides, the employer contended that the only complaint to it for a considerable period was concerning the teeth. Moreover the examination by Dr. Moore was not made until more than two months after the accident. When all of

this is put together, manifestly this Court cannot say that the amount of the award by the Commission is against the great weight of the evidence, or is arbitrary, or is not supported by substantial evidence.

It therefore follows that the judgment of the trial court must be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.