FAIR STORES, et al. *v.* BRYANT.

No. 41391 February 29, 1960 118 So. 2d 295

*Roger Landrum,* Jackson, for appellants.

*Carter & Van Every,* Columbus, for appellee.

KYLE, J.

The Fair Stores, a partnership composed of Joe Engel and George Mitnick, of Jasper, Alabama, employer, and its insurance carrier, Hartford Accident & Indemnity Company, have appealed from a judgment of the Circuit

Court of Clay County affirming an order of the Mississippi Workmen's Compensation awarding compensation benefits to Mrs. T. A. (Martha W.) Bryant for temporary total disability resulting from an accidental injury suffered by the claimant on October 7, 1957, while engaged in the performance of her duties as an employee of the partnership.

The record shows that, on October 14, 1952, the claimant sustained a back injury in the lumbosacral area, while engaged in the performance of her duties as an employee of the Fair Store in the City of West Point. She was examined and treated for the injury by Dr. John R. Mullens, Jr., and during the next succeeding several months by other physicians and surgeons. She was not totally disabled as a result of the injury, but continued to suffer disabling pains; and underwent surgery for a herniated disc. Dr. Charles L. Neill performed the operation and removed the herniated disc sometime during the month of July 1953; and the claimant returned to work on the 9th day of September 1953. Compensation benefits and medical expenses were voluntarily paid by the employer during the period of time lost from work, as evidenced by Commission Form B-31 executed by the claimant on October 26, 1953, and filed with the Commission on December 1, 1953. No payments of disability benefits were made to the claimant after the last mentioned dated.

On April 19, 1958, notice of another injury and claim for compensation benefits was filed by the claimant with the Commission. In that notice the claimant stated that she had suffered a second injury on October 7, 1957, while engaged in the performance of her duties as an employee of the Fair Store at West Point; that she had stumbled over a footstool while at work in the Fair Store at West Point, and had "either aggravated her original injury or suffered a new injury to her back," as a result of which she was suffering pain and loss of wages and was in need of medical attention and hospitalization. The

case was listed as a controverted matter and was set for hearing on May 14, 1958.

The claimant testified during the hearing before the attorney-referee that she reinjured her back on October 7, 1957, when she tripped and fell over a footstool in the shoe department of the store while she was helping to unpack and store in their proper places packages of merchandise which had been unloaded at the rear end of the store building. She had a box of merchandise in her arms and did not see the footstool until she had stumbled over it. She uttered an outcry when she fell over the stool. Two other employees who were helping to unload the merchandise heard her outcry and came to the place where she had fallen. She told them that she had hurt her back, and she called Dr. John R. Mullens, Jr., on the phone and told him about her pain and asked that he give her something to relieve her pain. A few days later the pain became so severe that she called Dr. Mullens and requested him to come to her home. She was in bed at that time. He gave her a shot to relieve the pain and told her to get back on the hip traction which she had used at the time of her 1952 injury. She stated that she continued to work at the store until the store was closed on January 8, 1958, but she had been under treatment of a doctor since October. Finally, Dr. Mullens sent her to Jackson for examination and treatment by Dr. Neill. The claimant stated that she had been totally disabled since she quit work at the Fair Store in January.

Two other witnesses, Mrs. Mary Winter and Mrs. Frances June Drummond, who were working in the Fair Store at the time the accident occurred corroborated the claimant's statement concerning her fall over the footstool. Dr. John R. Mullens, Jr., who treated the claimant after her injury in 1952, testified that the claimant called him over the telephone in October 1957 about her injury. She told him that she had fallen and had injured her back. He examined and treated her for the injury.

He found that she was suffering from a sciatic nerve type of pain, spasm of the muscles in the back, and pain radiating down in the leg, and he prescribed medication and traction. Dr. Mullens stated that in his opinion the injury of October 7, 1957, definitely aggravated the claimant's previous condition, and at the time of the hearing he was of the opinion that she would have at least 50 per cent total disability.

A letter written by Dr. Charles L. Neill, Neuro-surgeon of Jackson, dated April 14, 1958, and addressed to the Claims Manager of the Hartford Accident & Indemnity Company, the insurance carrier, was also offered in evidence. In that letter Dr. Neill stated that the patient had been hospitalized and examined with spine x-rays and myelogram in February 1958; that there was no evidence of a recurrence of her herniated disc, nor was there any evidence of nerve root pathology. Dr. Neill made a detailed statement of the pathological findings as a result of his examination and treatment of the claimant, and then stated that he had advised the claimant "to go home, stay on a hard-surfaced bed and wear a brace", that she had done this and was not any better but not any worse. In that letter Dr. Neill referred specifically to the reports which he had forwarded to the claims manager on February 12 and March 15, 1958, for additional information concerning the claimant's condition during the months of February and March. Dr. Neill also stated, "I hope that this is clear as I did not make it clear in my previous reports that she did have an on-the-job, new injury"—referring to the accident of October 7, 1957. Dr. Neill's letter dated April 14, 1958, contained a full report of the claimant's condition at the time he examined her on April 11.

The only substantial testimony offered on behalf of the appellants to discredit the appellee's claim that she had received a second injury on October 7, 1957, was the testimony of a court reporter who identified the tran-

script of a statement of the claimant taken by W. E. Mc-Kinley, an agent of the insurance carrier, on February 21, 1958, while the claimant was in the hospital at Jackson. During the interview the claimant was questioned at length about the injury which she received in October 1952 and the treatment which she had undergone for that injury, and also any other injuries which she might have received, including a minor injury resulting from an automobile accident in Alabama during the month of May 1957. She was asked whether she had reinjured her back since October 1952, and her answer was, "No, not to my knowledge." She was then asked when her back began to bother her this time. Her answer was, "Oh, it's been way over a year,, I guess." The claimant was then asked, "Did your back just get gradually worse?". Her answer was, "Yes, when I first had the operation I felt much better. I got up and could get about and it didn't hurt too much. A couple of years after that, it got to hurting. Now, I can't sleep on my back. Of course I've got medicine in me now."

At the conclusion of the hearing the attorney-referee entered an order denying the claim; the attorney-referee was of the opinion that the claimant's present disability predated, and was not the result of, the stumbling incident which occurred on October 7, 1957; and the attorney-referee was of the opinion that the Commission was without jurisdiction to review the pending claim and issue a new order for additional compensation under Section 21 of the Mississippi Workmen's Compensation Law (Section 6998-27, Code of 1942, Recompiled). The claimant filed a petition for review by the full Commission; and on December 23, 1958, the Commission, by a majority vote, reversed the findings of the attorney-referee and entered an order allowing the claimant compensation benefits for temporary total disability during the period of such disability, and also medical expenses.

The Commission found that the claimant, on October 7, 1957, had suffered from a prior permanent partial physical impairment to the back, which did not incapacitate her from pursuing her employment; that on October 7, 1957, the claimant suffered a new back injury, arising out of and in the course of her employment, which aggravated the prior existing physical impairment, so as to result in temporary total disability beginning January 11, 1958; that notice of the injury had been given to the employer in compliance with the provision of the statute; and that the claimant had found it necessary to obtain medical services and incur medical expenses for which the employer was liable. The Commission therefore ordered that the employer and its insurance carrier pay to the claimant compensation benefits in the amount of $25 per week, in accordance with the provisions of Section 8, subsection (b) of the statute, and subject to the limitations thereof, pending the duration of such disability, and that the employer and its insurance carrier pay all medical expenses incurred so that the claimant might attain maximum medical recovery.

The appellants' attorneys assign and argue two points as ground for reversal of the judgment of the lower court affirming the award made by the Commission: (1) That there is not sufficient evidence in the record to support the award made by the Commission; and (2) that the appellee's claim was barred by the one-year statute of limitations prescribed in Section 21 of Chapter 354, Laws of 1948, being Section 6998-27, Mississippi Code of 1942, Recompiled.

The appellants' attorneys argue in support of their first assignment of errors that the appellee's testimony relating to her fall on October 7, 1957, was unworthy of belief, because she failed to mention the new injury of October 7, 1957, to the insurer's claims manager when she saw him in the lobby of a hotel in West Point on January 8, 1958, and she failed to mention the new in-

jury to the insurer's investigating agent when he questioned her while she was in the hospital in Jackson on February 21, 1958, and no notice of such new injury appeared in the Commission's file until April 11, 1958. The appellants' attorneys also say that Dr. Mullens' testimony was completely lacking in substance.

██ ██ But we think there is substantial evidence in the record to support the findings and award made by the Commission. The Commission, under our statute, is the trier of facts. Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754; Malley v. Over The Top, Inc., 229 Miss. 347, 90 So. 2d 678; Pascagoula Crab Co. v. Holbrooks, 230 Miss. 833, 94 So. 2d 233. And it has been repeatedly held that this Court will not reverse the Commission on its findings of facts if there is substantial evidence to support such findings. The testimony of the claimant and her two coemployees, who were present in the store at the time of the alleged injury of October 7, 1957, which was accepted as true by the Commission, was sufficient to prove that the claimant fell over a footstool while at work helping her coemployees unpack and store a new shipment of merchandise on that date, and that the claimant suffered an injury as a result of which she sought medical advice. The testimony of Dr. Mullens, who examined and treated her after the injury occurred, was sufficient to show that the fall aggravated the preexisting disabling back injury which the claimant had suffered several years prior to the injury of October 7, 1957, while the claimant was working for the same employer. The testimony of Dr. Mullens, and the letter of Dr. Charles L. Neill, dated April 14, 1958, addressed to the claims manager of the insurance carrier, were sufficient, in our opinion, to justify the Commission's finding that the claimant was temporarily totally disabled at the time of the hearing, and that her disability was due to the new back injury which aggravated the prior existing physical impairment.

It follows of course from what we have said above that the appellee's claim for compensation was not barred by the one-year statute of limitations prescribed in Section 21 of the Workmen's Compensation Law.

■■ ■ The appellee's attorneys, at the beginning of the hearing before the attorney-referee, moved that, in the event the appellee's claim was found to be compensable, all penalties provided for in Code Section 6998-19(e), Recompiled, and Code Section 6998-19(g), Code of 1942, Recompiled, be assessed against the insurance carrier and its employer; and the appellee's attorneys in their brief have asked that this Court assess said penalties as provided by the statute. But no mention was made of the assessment of penalties when the matter was heard by the Commission on review, and no reference to the appellee's motion to assess penalties appears in the order of the Commission. The appellee prosecuted no cross-appeal to the circuit court. We therefore hold that the matter allowing penalties under the above mentioned provisions of the statute is not before us on this appeal.

■■ ■ The appellee is entitled to interest, however, at the rate of six per cent per annum on each installment of compensation from its due date until paid; and the appellee is also entitled to five per cent statutory damages on all payments due at the time the judgment of affirmance by this Court is entered. LaDew v. LaBorde, 216 Miss. 598, 63 So. 2d 56; Watkins v. Taylor, 216 Miss. 822, 65 So. 2d 461. Such interest and statutory damages will be allowed.

We find no error of law in the record, and the judgment of the lower court is therefore affirmed and the cause remanded for the enforcement of the award made by the Commission.

Affirmed and remanded.

*McGehee, C. J.,* and *Arrington, Ethridge* and *Gillespie, JJ.,* concur.