BRADY, Justice:
This is a workmen’s compensation case on appeal from the Circuit Court of Lee County. The attorney referee found that the appellee was permanently and totally disabled with 75% of the injury attributable to a preexisting condition and 25% causally connected to his employment. The amount of compensation allowed was the exiguous sum of ten dollars per week. The full commission affirmed the attorney referee’s finding. The circuit court judgment affirmed the orders of the workmen’s compensation commission and the attorney referee.
*651 Appellee was required to wear a back brace in order to perform his duties. On February 25, 1966, the day of the accident, appellee was engaged in tossing down small boxes of hardware from a stack of boxes. While so engaged he fell partially, catching by his hand; he did not fall completely down the side of the stack. He stated the fall caused him to “hurt a little bit but what you say pain, I didn’t.”
Two employees working with appellee did not see him fall. Appellee did not inform anyone at the time that he had hurt his back. Later that night when endeavoring to remove himself from the bathtub at his home he realized that he was unable to do so because his back had been hurt.
The following day appellee went to Dr. Williams because of his back. He told the doctor of his fall and said he had “jerked” his back. Dr. Williams put him in the hospital and placed him in traction for twelve days. X-rays were taken which revealed an old myelogram and a bony fusion. They further showed a partial resection of bodies L-4 and L-5 and narrowing of the intervertebral disc spaces of the lumbar spine multiple.
Appellee has a history of back trouble. In 1961 while at work he suffered an injury to his back which required surgery. In 1963 he again suffered a back injury at work which resulted in surgery. In passing, he received no compensation and medical payments for the 1963 injury.
Dr. Williams called in Dr. Franks, an orthopedic surgeon, who took charge of treatment. Dr. Franks testified that appel-lee was permanently and totally disabled and would experience pain even if he was doing practically nothing. The two factors responsible for appellee’s condition were (1)degeneration of the spine, and (2) a precipitating factor. The doctor said the ruptured discs were compatible with the injury as related by the appellee, but he also stated appellee could have the same problem without any specific injury due to the spine’s degenerative condition. Dr. Franks recommended surgery but could not guarantee a successful operation. He stated that even with surgery “a lot of” disability would remain. The appellee refused surgery because of prior surgical failures and has not worked since the accident.
Appellant contends that (1) the findings of the commission as affirmed by the circuit court are erroneous and not based on substantial evidence, and (2) the findings are against the overwhelming weight of the evidence and manifestly wrong.
The answer to appellant’s contentions resolves itself into a factual issue. We have held that all the testimony of a witness, including that which was given on direct and cross-examination, should be considered as a whole. Isolated portions thereof should not be accepted to the exclusion of the rest of the testimony. Kennedy v. Williams-McWilliams Industries, Inc., 247 Miss. 595, 156 So.2d 806 (1963).
Any conflict in the testimony of claimant and any conflicts between claimant’s testimony and that of. other witnesses are to be resolved by the commission, which we have repeatedly held is the trier of the facts. Fair Stores v. Bryant, 238 Miss. 434, 118 So.2d 295 (1960); Pascagoula Crab Co. v. Holbrooks, 230 Miss. 833, 94 So.2d 233 (1957); Malley v. Over the Top, Inc., 229 Miss. 347, 90 So.2d 678 (1956); and Railway Express Agency, Inc. v. Hollingsworth, 221 Miss. 688, 74 So.2d 754, 75 So.2d 639 (1954). In Fair Stores v. Bryant, supra, we stated: “[Tjhis Court will not reverse the Commission on its findings of facts if there is substantial evidence to support such findings.” (238 Miss. at 442, 118 So.2d at 299.)
It is the duty of the commission to resolve any conflicts in the light of the testimony of all the witnesses. We cannot say that the Workmen’s Compensation Commission was manifestly incorrect in their findings nor can we say that there *652 is no substantial evidence in the record to support the award of the commission. The circuit court, therefore, was amply-justified in affirming the findings of the commission which followed the order of the attorney referee.
We are not presented the question of whether or not it was incumbent upon the appellee to undergo a third operation on his back. The record indicates that even if he underwent the operation and it was successful he would still suffer some pain. The finding of the commission as affirmed by the circuit court that 75% of appellee’s injuries were due to preexisting conditions is substantiated by the facts, thus leaving 25% of his permanent disability to be the result of his injury.
For the foregoing reasons, the judgment of the Circuit Court of Lee County is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and SMITH, JJ., concur.