MEYER RUGG, PETITIONER-RESPONDENT, v. DRIWOOD CORPORATION, RESPONDENT-PROSECUTOR.

Argued May 6, 1941—Decided May 22, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *John W. Taylor* (*Everitt Rhinehart,* of counsel).

For the respondent, *S. Martin Mandon* (*Martin Kimmel,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This workmen's compensation case requires that we decide whether the petitioner suffered a compensable hernia and whether he was properly awarded payment for permanent disability and medical expenses.

Meyer Rugg, the petitioner, a man of 58 years of age, was employed by respondent as a cabinet maker for about six or

seven years. On Saturday, October 21st, 1939, during the course of his employment and while lifting a panel which contained four clamps, each of which weighed fifteen or twenty pounds, he was stricken with pain in the region of his right groin. He tried to help a fellow employe with the work but the pain persisted. He went to the men's room where. upon examining the area of the pain, he noticed "a little ball on the side." He made further attempts to resume work with the aid of a helper until noon when he found it necessary to, and did, go home. After getting no relief from a self-administered enema, he remained in bed, with pain, until his son returned home about 7:00 P. M., and called the doctor who arrived about 11:00 P. M. On the following day, Sunday, he was taken to a hospital in Brooklyn, New York, and there operated upon for a strangulated right inguinal hernia. On Monday morning, October 23d, 1939, the petitioner's son called the respondent on the telephone, spoke to the representative in the New York office and explained to him that the petitioner was operated upon for an injury received Saturday while at work.

Serious post operative complications developed, including difficulty in voiding, prostrate obstruction, urinary sepsis and broncho-pneumonia. Several subsequent operations were necessary and petitioner did not leave the hospital until three months after his admission.

Petitioner filed his claim petition with the Workmen's Compensation Bureau. The Bureau found that the petitioner suffered, on October 21st, 1939, a "non-traumatic right inguinal hernia arising out of and in the course of his employment which meets all the statutory requirements for a hernia of that class and that as a result of the operation to correct said hernia sustained additional injury resulting in a temporary disability of 33-6/7 weeks for the period October 21st, 1939, to and including June 13th, 1940, and permanent disability of 5% of total." Accordingly, an award was made in favor of petitioner and against respondent. This included an order to pay for temporary and permanent disability, for medical treatment and hospitalization to the amount of $1,484.20, and counsel fees.

On appeal, the Union County Court of Common Pleas entered a determination of facts and rule for judgment affirming the Bureau.

Prosecutor then made application to Mr. Justice Case for a writ of *certiorari* to review the judgment of the Pleas. Mr. Justice Case in a written opinion (marked not to be printed in any report) concurred in the result reached both by the Bureau and the Pleas. He found no open question involved save one, viz., whether the allowance for permanent disability arising out of hernia is contemplated by the statute. *R. S.* 34:15-12(x). Accordingly, he allowed the writ but without in anywise limiting the *allocatur*.

Prosecutor here raises and argues four questions.

1. Did the petitioner fail, as claimed, conclusively to prove the five statutory requirements for a compensable inguinal hernia? *R. S.* 34:15-12(x). We do not think so.

The pain which the petitioner is said to have suffered, in his right groin or lower stomach, two or three weeks prior to October 21st, 1939, disappeared after a short rest and no further complaints followed. The pain which petitioner suffered on Friday, October 20th, 1939, was in his back and not in his groin and that pain disappeared after the application of a plaster and a single night's rest. Petitioner returned to work the very next day. As already observed, petitioner did not notice the appearance of a lump in the region of his right groin until October 21st, 1939. In the paraphrased words of Dr. Feigen, if the petitioner did not notice any lump on October 20th, 1939, and his pain then disappeared, the strangulation certainly didn't occur on that day but did occur, as found, on October 21st, 1939, when the lump did appear.

The Bureau, the Pleas and Mr. Justice Case concluded that petitioner conclusively proved that he suffered an inguinal hernia on October 21st, 1939, and that he had conclusively satisfied the five statutory requirements. *Cf. Furferi* v. *Pennsylvania Railroad Co.,* 117 *N. J. L.* 508; 189 *Atl. Rep.* 126. After a careful consideration of all the proofs, we, too, are clearly of the view that petitioner has sustained his claim by proofs which are "convincing in character." *Frank M. DiMieri* v. *Metafield, Inc.,* 126 *N. J. L.* 484.

2. Was the allowance of $1,484.20 for medical and hospital expenses improper because it was in excess of the $150 limitation for the expenses incident to the operation for and recovery of a hernia? *R. S.* 34:15-12(x).

Our negative answer to this question is, in our opinion, controlled by the case of *Dunn* v. *Atlantic City,* 120 *N. J. L.* 141; 199 *Atl. Rep.* 5; affirmed on the opinion below, 121 *N. J. L.* 588; 3 *Atl. Rep.* (*2d*) 583. In that case it was held (opinion by Mr. Justice Trenchard) that where an operation for a hernia which arose out of and in the course of petitioner's employment, resulted in a shock, lighting up a dormant condition of nephritis, "which, but for the accident would not have ensued" and which latter disease caused the death of the employe, the death was to be properly considered an "* * * accident within the meaning of the Workmen's Compensation Act * * * even though it was not the natural result of the injury." Accordingly compensation for the death was allowed under the general provisions of the act.

Prosecutor seeks to distinguish the instant case from the Dunn case on the ground that in the Dunn case death resulted and therefore under the last sentence of *R. S.* 34:15-12(x) the provisions of *R. S.* 34:15-13 (compensation for death; computation and distribution) were applied. Thus it is argued that the medical and hospital expenses in the instant case should have been limited to $150. We cannot agree with this argument. Nowhere in the Dunn case is reference to be found to the invoked provision of the statute. As already observed, Mr. Justice Trenchard pointed out that the post operative death, resulting, as it did, from nephritis was an "* * * accident within the meaning of the Workmen's Compensation Act * * *."

Applying this principle to the case at bar, it is clear, from the proofs, that the post operative complications grew out of the operation for the hernia, that but for the accident, arising out of and in the course of the employment, they would not have ensued, and that they were, following the rationale of the Dunn case, distinct accidents within the meaning of the Workmen's Compensation Act, and, therefore, compensable according to the general provisions thereunder.

3. Was the allowance of 5% of total permanent disability improper?

It is a fact, as pointed out by Mr. Justice Case, that *R. S.* 34:15-12(x) provides, after setting forth the five requirements, that "in the case of a hernia as above defined, the provisions of paragraph 'a' (temporary disability) of this section and sections 34:15-14 (waiting period) and 34:15-15 (medical and hospital service) of this title shall apply * * *;" and that the statute makes no specific reference to either *R. S.* 34:15-12(b) (permanent total disability) or *R. S.* 34:15-12(c) (permanent partial disability). But, in our opinion, these facts do not, under the circumstances exhibited, bar petitioner from his right to recover for the permanent partial disability which he unquestionably suffered. We construe this provision of the act relating to hernia, as we construe all other provisions thereof, in light of and in harmony with the general provisions of the act as a whole to the end that those properly entitled to its beneficient relief are not unjustly deprived thereof. Of course, a case not within the wording of the provisions relating to hernia, is to be excluded therefrom. *Furferi* v. *Pennsylvania Railroad Co., supra.* Here, however, the allowance for the permanent partial disability was not for the injuries flowing from the compensable hernia which petitioner suffered. Rather was the allowance for the injuries flowing from the various ailments (the accidents) which followed in the train of the compensable hernia. They are ailments which in the legal sense we hold to be tantamount to accidents arising out of and in the course of his employment and hence compensable under the general provisions of the act. *Cf. Dunn* v. *Atlantic City, supra.*

4. Did the petitioner establish, by the greater weight of the proof, that he suffers a permanent partial disability as a result of the alleged occurrence?

In support of its contention that petitioner failed to so establish permanent partial disability, prosecutor relies on the testimony of Dr. Lewis, prosecutor's own witness who had conducted only one examination of the petitioner. On the other hand, Dr. Feigen, called by the petitioner, stated the

disability to be 10% of the total. Although both Dr. Train and Dr. Aschner, treating physicians, had signed forms in New York, stating that petitioner suffered no permanent disability, Dr. Aschner explained that, under his conception of the New York law, the words "permanent disability" denoted a different meaning in New York. Dr. Train testified that there was "a decided weakening of that area in the region of the suprapubic cystotomy," and Dr. Aschner expressly pointed out that petitioner "has a limitation in his working capacity."

In accordance with the three separate findings already made, we also find as a fact that petitioner suffered partial disability to the extent of 5% of total. He was properly allowed compensation therefor.

The judgment under review is affirmed, and the writ is dismissed, with costs.