THORNBROUGH WELL SERVICING Co., et al. *v.* BROWN.

No. 39486 February 28, 1955 78 So. 2d 159

*Richard A. Billups, Jr.,* Jackson, for appellants.

324

*R. L. Netterville,* Natchez, for appellee.

GILLESPIE, J.

Appellee was employed February 13, 1953 as a helper on an oil well servicing crew. While on the job, on February 21, 1953, appellee suffered pains in his chest. He had worked eight days during that period, a total of 72 hours, and as much as 13 hours in a day. Subsequent medical tests showed a picture of acute posterior myocardial infarction resulting from coronary occlusion. Appellee had recovered by the time of the hearing before the attorney-referee to the extent he could do light work. Appellee's duties required him to work on wet, slippery ground in rainy weather, and part of his job was lifting and stacking pipes weighing about 100 pounds. The work was attended with considerable strain.

The attorney-referee found that appellee was entitled to compensation and medical benefits, and this finding was affirmed by the commission and the circuit court.

The first contention is that appellee did not suffer accidental injury arising out of and in the course of his employment. The specific inquiry is whether there was sufficient proof for the commission to find that there was causal connection between the heart attack and appellee's duties performed in the course of his employment. Four physicians testified. One testified that the work and strain of appellee's job were probable contributing causes of his heart attack. Two thought there was no relation between appellee's work and the heart attack. The other had no opinion.

The conflict in the testimony was a typical one which made an issue for the commission as the trier of the facts. In heart attack cases such as this, the factual issue of causal relationship is usually one for the medical experts and the triers of the facts. The award made by the commission was authorized under our decisions. LaDew, et al v. LaBorde, 216 Miss. 598, 63 So. 2d 56; Cowart v. Pearl River Tung Co., 67 So. 2d 356; Railway Express Agency, Inc. v. Hollingsworth, 74 So. 2d 754.

Appellants cite two cases decided recently by this Court, Fischer v. Gloster Lumber & Building Supply Co., 57 So. 2d 871, and Ingalls Shipbuilding Corp., et al v. Howell, 74 So. 2d 863. Neither case applies here. In the Fischer case, the two testifying physicians reached opposite conclusions as to causal connection. On this conflicting testimony, the commission found that there was no causal connection. The case was affirmed. In the Ingalls case, three physicians testified. One had no opinion on the question of causal connection. Two were of the opinion that Howell's heart attack had no relation to his work. The award of the commission was reversed for the reason the commission's award was not based on any proof of causal connection.

 We hold that the commission's finding on the issue of causal relationship was based on substantial proof and was not arbitrary.

 Appellants also urge upon this Court that the commission erred in awarding medical benefits to the appellee. Appellee told the operator of the crew of which he was a member that it looked like he would have to go to a doctor, that he did not believe he could make it. The operator replied that it was probably sore muscles. No doctor was furnished. Appellee was gravely ill. The next day, the operator went by appellee's home and found out that he was unable to go to work. A week later, appellee's wife called the office of the manager of the employer, Thornbrough Well Survicing Company, and requested compensation benefits and medical assistance, but nothing was done by the employer and no medical benefits were furnished. Appellee went to his personal physician and then to the charity hospital where he was treated. Under these circumstances, appellee

comes within the provisions of Section 7 of the Mississippi Workmen's Compensation Act and was entitled to medical benefits.

Affirmed and remanded.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.