HARPER FOUNDRY AND MACHINE COMPANY *v.* HARPER

No. 40693          March 3, 1958          100 So. 2d 779

*Lipscomb, Ray & Barksdale,* Jackson, for appellant.

*Alton Massey,* Kosciusko, for appellee.

Kyle, J.

This case is before us on appeal by Harper Foundry and Machine Company and its insurance carrier from a judgment of the Circuit Court of Hinds County affirming an award of compensation made by the Workmen's Compensation Commission to J. Nolan Harper for injuries incurred as a result of an accident arising out of and in the course of his employment.

The record shows that on March 15, 1956, the Claimant J. Nolan Harper, while engaged in the performance of his duties as an employee of Harper Foundry and Machine Company, suffered a burn on his left leg when a spark from a piece of burning slag ignited his trouser leg. The injury was reported immediately to the claimant's foreman. The claimant treated his injury with home remedies for a few days, and on March 19, 1956, consulted Dr. Robert T. Cates in regard to the burn. Dr. Cates found that the burns were first, second and third degree burns. The area of third degree burns did not respond to treatment, and Dr. Cates advised the claimant that it would be necessary to do "pinch" skin grafts on that area, and instructed the claimant to return to his office on March 28 for that treatment. The claimant reported to Dr. Cates' office on March 28 and prior to the grafting being done Dr. Cates noted that the

claimant exhibited symptoms of a heart attack. The claimant was sent immediately to Dr. J. P. Melvin, a specialist in internal medicine, who diagnosed his condition as an acute myocardial infarction. Under the treatment of Dr. Melvin the claimant's condition improved to the point where he was permitted to return to work on July 15, 1956.

On July 12, 1956, the claimant filed an application for compensation benefits under the Workmen's Compensation Law for the disability resulting from the severe burn on his leg and the heart attack.

All of the facts stated above were agreed to, and no testimony was offered to establish the same. It was also admitted that the claimant was 55 years of age; that his average weekly wage at the time of his injury was $100; that he had been under treatment of Dr. Melvin for four or five years for hypertension; and that his duties as an employee of the Harper Foundry Machine Company were largely of a supervisory nature. The testimony taken before the attorney-referee consisted entirely of the testimony of Dr. Melvin who testified on behalf of the claimant and Dr. J. Manning Hudson who testified on behalf of the employer and the insurance carrier.

As stated by the attorney-referee in his findings of fact, the testimony of Dr. Melvin indicated that the claimant was of a highly nervous disposition, and in Dr. Melvin's opinion the nervous stress occasioned by the anticipated skin graft and the continued treatment of the burn precipitated the heart attack of March 28, 1956. Dr. Melvin estimated the claimant's permanent disability at fifty per cent. Dr. Hudson, a specialist in internal medicine who examined the claimant on May 30, 1956, concurred in the diagnosis of acute myocardial infarction; but Dr. Hudson was of the opinion that the burn of March 15, 1956, was not a direct cause of and had no direct relation to the heart attack of March 28. Dr. Hudson stated, however, that he did not rule out the possibili-

ty of the emotional factor of the burn and subsequent treatment as a contributing cause for the heart attack. He estimated the claimant's permanent disability considering the type of work that he was doing at twenty-five per cent.

The record showed that the employer and its insurance carrier had paid to the claimant voluntary compensation for the period beginning March 19, 1956, and ending April 29, 1956; and it was stipulated that claimant's employer had continued to pay to the claimant his regular wage, during all of the period since his injury of March 15. The attorney-referee found that the claimant had sustained an accidental injury, that is, a burn, which arose out of and in the course of his employment, and that the claimant, while still disabled on account of the burn, had suffered an acute myocardial infarction, as a result of which he was temporarily and totally disabled until July 15, 1956. The attorney-referee found that the accidental burn and the resultant treatment therefor was a contributing factor in the onset of the acute myocardial infarction, and that as a result of said heart attack the claimant had sustained a permanent partial disability and a loss of thirty-five percent in his wage earning capacity. The attorney-referee therefore ordered that the employer and its insurance carrier pay to the claimant compensation for temporary total disability for the period March 19, 1956, through July 14, 1956, and compensation for permanent partial disability at the rate of $23.33 per week from and after July 15, 1956, but not to exceed 450 weeks or $8,600, whichever shall be lesser in amount. The attorney-referee also ordered that the employer and its insurance carrier pay all medical expenses incurred on account of the above mentioned injury.

The award of the attorney-referee was affirmed by the commission on November 28, 1956. The employer and its insurance carrier appealed to the circuit court, and that court affirmed the order of the commission.

Two points are argued by the appellants' attorneys as ground for reversal of the judgment of the lower court affirming the award made by the commission: (1) That the attorney-referee and the commission erred in finding a causal connection between the alleged heart attack suffered by the claimant on March 28, 1956, and the alleged burn received by the claimant on March 15, 1956; and (2) that the attorney-referee and the commission erred in making no allowance for the fact that the claimant drew his total salary throughout the period of his disability, and was still being paid the same salary after his alleged heart attack that he had been receiving prior to the heart attack.

It is argued that the appellee failed to meet the burden of showing a causal relationship between the relatively minor burn and his myocardial infarction.

But we think there is substantial medical testimony in the record to support the finding of the attorney-referee and the commission that the accidental burn together with the resultant and anticipated treatment thereof was causally related to and precipitated the appellee's heart attack. We think there is no decided conflict in the medical opinions expressed by Dr. Melvin and Dr. Hudson. But if it be conceded that there was a conflict in the testimony of the two doctors, such conflict only made an issue of fact to be decided by the attorney-referee and the commission. As stated by this Court in Thornbrough Well Servicing Co. v. Brown, 223 Miss. 322, 78 So. 2d 159, in heart attack cases such as this, the factual issue of causal relationship is usually one for the medical experts and the triers of the facts. It cannot be said that the findings of the commission were manifestly wrong. The award made by the commission was therefore authorized under our decisions.

We also think there is no merit in the appellant's contention that the commission erred in awarding compensation upon the basis of a thirty-five per cent loss

of wage-earning capacity. The fact that the appellee's employer continued to pay him the same weekly wages that he had been receiving prior to his injury does not mean that the appellee has suffered no loss in earning capacity. As stated by this Court in Karr v. Armstrong Tire & Rubber Co., 216 Miss. 132, 61 So. 2d 789, "Our statute does not test the earning capacity by the comparative wages received by applicant before and after the injury. It is not a comparison of actual wage with actual wage. The benefits are figured on a percentage of applicant's average weekly wages at the time of the injury as compared to 'his wage-earning capacity thereafter in the same employment or otherwise * * *'. Chapter 354, Sec. 8(c) (21), General Laws of Miss. 1948."

The judgment of the lower court is therefore affirmed and the cause remanded.

Affirmed and remanded.

*Roberds, P. J.,* and *Hall, Lee* and *Gillespie, JJ.,* concur.