HOBSON, Acting Chief Justice.
The petitioner by writ of certiorari seeks review of an award of compensation for permanent partial disability made to the respondent by the Florida Industrial Commission.
The respondent suffered a hernia arising out of and in the course of his employment. He underwent an operation for the hernia and received compensation for disability as provided by Section 440.15(6) (f), F.S.A. While recovering from the operation the respondent suffered a stroke which resulted in his total permanent disability.
The petitioner admits the compensability of the original hernia and the causal relationship between the operation and the respondent’s stroke. Therefore, the only issue before this court is whether the provisions of Section 440.15(6) (f) limit respondent’s compensation to a period of six weeks or whether he is entitled to compensation as for any other type of compen-sable injury.
The Deputy Commissioner held that the respondent was entitled to compensation for total permanent disability as provided by Section 440.15(1) (b), F.S.A. which provides :
“In all other cases permanent total disability shall be determined in accordance with the facts.”
and that he was not limited to the six weeks compensation provided for by the hernia *882 statute, Section 440.15(6) (f). The full commission affirmed the order of the deputy.
Section 440.15(6) (f) provides:
“All hernia, inguinal, femoral, or otherwise, so proved to be the result of an injury by accident arising out of and in the course of the employment, shall be treated at the expense of the employer in a surgical manner by radical operation. Compensation shall be paid for a period of six weeks from the date of the operation. In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensation will be allowed during the time of refusal. This shall not apply to those who by religious belief do not use medical or surgical treatment. If, however, it is shown that the employee had some chronic disease, or is otherwise in such physical condition that the commission considers it unsafe for the employee to undergo said operation, the compensation shall be paid as otherwise provided in subsection (4) of § 440.15, but not for exceeding thirty weeks. Compensation shall be allowed for temporary total disability as provided by subsection (2) of this section for such disability before the operation.”
It is clear that the purpose of this statute was to provide a fixed period of compensation for every case in which a hernia is the subject of the compensation claim.
It is petitioner’s contention that the terms of this statute must control, to the exclusion of all other statutes regarding compensation, wherever the original or primary injury is a hernia. While we recognize that there is some merit to this argument, we think that it is inconsistent with the principle so often recognized by this court that the Workmen’s Compensation Act should be construed liberally and that doubts should be resolved in favor of the claimant. Wick Roofing Co. v. Curtis, Fla., 110 So.2d 385; Dennis v. Brown, Fla., 93 So.2d 584; Naranja Rock Co. v. Dawal Farms, Fla., 74 So.2d 282.
Moreover, the initial sentence in subsection (6) begins: “In all claims for compensation for hernia * * * ” (Emphasis supplied.) Therefore, we think it evident that this section was intended to be limited to claims for compensation for the hernia itself and that it was not intended to apply to claims of disabilities for injuries of a different type arising out of the operation for the hernia. It is well settled that an employee may recover compensation for a new injury which results from the surgical treatment of an existing injury. 58 Am.Jur., Workmen’s Compensation, § 279. In 5 Schnieder, Workmen’s Compensation Text, Section 1477a, it is stated:
“In many cases in which there is sufficient evidence to prove that the hernia or an operation therefor resulted in permanent and total disability, compensation has been awarded for such disability even though the Act provides for a limited amount of compensation for the hernia itself.” (Emphasis supplied.)
Therefore, it is our opinion that the orders of the Deputy and of the Full Commission were without error. Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
ROBERTS, DREW and THORNAL, JJ., and WILLIS, Circuit Judge, concur.