McBRIDE *v.* WETMORE & PARMAN, INC.

No. 41936 October 2, 1961 133 So. 2d 261

*Armis E. Hawkins,* Houston, for appellant.

746

*Rae Bryant,* Gulfport, for appellees and cross-appellants.

KYLE, J.

This case is before us on appeal by Arthur Y. McBride, claimant, from a judgment of the Circuit Court of Hinds County affirming an order of the Workmen's Compensation Commission awarding compensation to the claimant as an employee of the appellant, Wetmore & Parman, Inc., et al. for a hernia injury sustained by the appellant on March 20, 1957, and denying the appellant's claim for additional compensation for permanent disability caused by an alleged heart attack suffered as a result of a hernia operation.

The record in the case shows that the appellant suffered a hernia injury on March 20, 1957, while engaged in the performance of his duties as a carpenter foreman for Wetmore & Parman, Inc., in the City of Jackson; that the appellant quit work about an hour later and went to see a doctor, who fitted him with a truss; and that he continued to work thereafter on the job until it was completed on November 8, 1957. The appellant was then advised by his physician that a hernia operation was necessary and on April 4, 1958, he was examined by Dr. John D. Dyer and Dr. R. H. Roberts at the Houston Hospital, in Houston, Mississippi, and underwent surgery. He was discharged from the hospital on April 13, and was advised to "take it easy" and "not stir around too much." He returned to the hospital on April 19 and had the stitches removed. On April 28, while recuperating at his home the appellant developed a rapid beating of the heart and pains in his chest; and on May 4 he returned to the hospital where he was again examined by

Dr. Dyer and Dr. Roberts. An electrocardiogram was taken, and in the opinion of the doctors the cardiogram indicated that the appellant had suffered a coronary occlusion or a myocardial infarction. The appellant was examined and treated by several doctors during the next succeeding several months. His condition improved and on October 31, 1958, he went back to work as an architectural inspector for Thomas A. Jones and Associates at Starkville, Mississippi. His work as an architectural inspector did not require manual labor. He was still engaged in that work at the time of the hearing before the attorney-referee on August 31, 1959, and was being paid $75 per week for his services.

The appellant testified that he was 56 years of age and a graduate of Mississippi State College; that he was a licensed teacher and had been engaged in teaching for a period of many years prior to 1946. He stated that he had suffered periodically from a fast heart beat since 1946, and that he had been advised by a heart specialist to change his occupation from that of school teaching. He obtained employment thereafter as a carpenter and as a carpenter foreman, and at the time of his hernia attack his weekly wages amounted to $112.

Four doctors testified during the hearing before the attorney-referee and gave opinion evidence as to whether there was a causal relation between the appellant's hernia operation and the heart ailment and chest pains which developed on April 28, 1958. Dr. Dyer and Dr. Roberts testified that the electrocardiogram made prior to the surgery on April 4, 1958, showed heart action within normal limits; that the cardiograms made on May 5 and May 13 indicated a myocardial infarction resulting from coronary thrombosis; and that in their opinion there was a causal connection between the surgical operation of April 4 and the heart attack which occurred approximately four weeks later.

Dr. Tom E. Benefield, Jr., testified that he had examined the appellant during the late fall or early winter of

1957, and had found the appellant suffering at that time with tachycardia or rapid heart beat; that he had examined the appellant again a short time after his operation for hernia, and that he had found at that time that the appellant was still suffering from a rapid heart beat and showed great nervous tension. He had clinical evidence of mild heart failure and was put on digitalis. In a written report, dated October 25, 1958, which appears in the record, Dr. Benefield stated: "As to whether his heart condition is in any way connected with the herniotomy, it is impossible for any physician to state that it is not connected with the herniotomy." The doctor stated that the appellant, however, was well along the way recuperating from the hernia surgery when the heart attack occurred; that usually such attack would have occurred immediately before, during or immediately after the surgery; that it did occur, however, during the recuperative phase of the appellant's recovery from the hernia operation; and that it was impossible to separate one from the other completely.

Dr. Kendall D. Gregory, testifying as an expert witness on behalf of the employer and its insurance carrier, stated that he had never examined the claimant, but he had made a study of the electrocardiograms taken by Dr. Roberts of the Houston Hospital, and by Dr. Benefield; that he had read the medical reports and typewritten statements of Dr. Dyer and Dr. Roberts, and that, in his opinion, based upon all the evidence, the claimant had not at any time suffered an infarction; that the electrocardiograms taken prior to the surgery showed a normal heart except for the effects of his tachycardia; that the changes following the surgery and the claimant's taking digitalis showed a clear picture of the effect of the drug digitalis but no evidence of an infarction; and that in his opinion there was no causal relation between the onset of April 28, 1958, and the surgical operation performed approximately four weeks prior thereto.

The record shows, and the attorney-referee found, that the employer and its insurance carrier had assumed responsibility under the act for the hernia injury of March 20, 1957, and had paid to the claimant compensation at the rate of $25 per week for 24 weeks and two days, together with hospital expenses.

The attorney-referee was of the opinion that the Workmen's Compensation Act itself defined the benefits to which an injured workman was entitled as the result of a hernia injury arising out of and in the course of his employment, and that the last paragraph of Code Section 6998-12 contained the only exception in the act that would increase the benefits payable under the act in a hernia case over and above the 26 weeks provided for in the act and the hospitalization allowance of $250. The attorney-referee therefore entered an order directing the defendants to pay to the claimant benefits under the hernia section of the act at the rate of $25 per week for a period of 26 weeks, and directing the defendants to pay proper and necessary hospital and medical expenses incurred as a result of the hernia, but not in excess of $250 as provided by the statute, proper credit being given the defendants for the compensation and medical expenses already paid. The attorney-referee then ordered that the claim for additional benefits against the defendants for the heart condition, or any other condition other than the hernia, be denied.

After the filing of the attorney-referee's report the appellant's attorney filed a motion asking that the commission make a factual finding as follows: That the claimant had sustained a hernia injury during the course of his employment for which he was entitled to compensation; that he had received compensation and had obtained surgical treatment for the hernia at the Houston Hospital; and that following said surgical operation the claimant had suffered a myocardial infarction, which was causally related to said surgical operation in that the hernia injury and the surgical treatment thereof

were contributing causes to said heart condition. The commission by a majority vote affirmed the order of the attorney-referee; and in response to the claimant's request for a factual finding as stated above, the commission in its order stated that it was the opinion of the majority of the commission "that the disability now suffered by McBride is a result of the surgery, but that under the statute disability payments cannot be extended beyond 26 weeks." From that order the appellant prosecuted an appeal to the circuit court, and the appellees filed a cross appeal. The circuit court, finding that the order of the commission did not contain error of fact or law, affirmed the order of the commission.

Two points are assigned and argued by the appellant's attorney as grounds for reversal of the judgment of the lower court: (1) That the commission erred in limiting the appellant's recovery for the disabilities resulting from the hernia injury and the injuries arising out of the operation for the hernia to 26 weeks under the hernia provisions of the Workmen's Compensation Act, as set forth in Code Section 6998-12; and (2) that the circuit court erred in failing to award the appellant maximum recovery under the general provisions of the Workmen's Compensation Act for total disability resulting from a coronary occlusion suffered as a result of his employment within the meaning of the act.

In support of the above mentioned assignments of error the appellant's attorney says that, while claims for hernia have been placed in a special category, there is nothing in the Mississippi Workmen's Compensation Act, or any decision of this Court thereunder, which distinguishes claims for secondary injuries resulting from the surgical treatment of a compensable hernia from similar claims for injuries resulting from surgical treatment of other existing injuries.

In answer to the above mentioned contentions made on behalf of the appellant, it is argued on behalf of the appellees, first, that the finding of the commission that

the appellant suffered a heart attack as a result of his hernia operation is not supported by substantial evidence, and second, that Section 6998-12 of the Mississippi Code of 1942, Rec., which places hernia claims in a special category, imposes such limitations on a hernia claim as to exclude claims for secondary injuries, such as the claim involved in this case. The appellees have also filed a cross assignment of errors, in which it is alleged that the finding of fact by the full commission that the appellant suffered a heart condition following his hernia operation is not supported by substantial evidence.

 We think there is no merit in the appellee's contention that the finding of fact by the full commission, that the claimant McBride suffered a disabling postoperative heart condition as a result of the surgery, is not supported by substantial evidence. As we have already stated, there was a decided conflict in the testimony of the medical witnesses who testified on behalf of the claimant and the testimony of Dr. Gregory who testified as an expert witness for the employer and its insurance carrier.

 This Court has held in Thornbrough Well Servicing Co. v. Brown, 223 Miss. 322, 78 So. 2d 159, and Harper Foundry and Machine Company v. Harper, 232 Miss. 873, 100 So. 2d 779, that in heart cases, such as this, the factual issue of causal relationship is usually one for the medical experts and the triers of the facts. We think it cannot be said that the finding of the commission in this case, that the disability suffered by the claimant at the time of the hearing was a result of the surgical operation, was manifestly wrong.

The main question presented for our decision in this case is, whether or not the commission erred in limiting the appellant's recovery to the 26 weeks allowance for the hernia injury alone, disregarding the postoperative complication resulting from the heart ailment which followed the surgical treatment of the hernia.

It is the appellee's contention that the hernia provisions of the statute, Section 8(f), Ch. 354, Laws of 1948,

as amended by Section 6, par. (f) of Ch. 412, Laws of 1950, which appear as Section 6998-12, Miss. Code of 1942, Rec., must control to the exclusion of all other provisions regarding compensation wherever the original or primary injury is a hernia.

The question is not free from difficulty. It is true that the hernia provisions of the statute (Code Section 6998-12, supra,) limit the liability for compensation for a hernia injury to 26 weeks. But the claim which we have under consideration here is not a claim for additional compensation for the hernia injury itself. It is a claim for compensation for a disabling heart condition resulting from the surgical operation made necessary for the repair of the hernia. We think the provisions of Code Section 6998-12, supra, are applicable only to the claims for compensation for hernia injuries, and that the limitations placed on benefits allowable for hernia injuries under the provisions of said section do not bar a claimant's right to recover for a disabling heart condition suffered as a result of a surgical operation performed to effectuate a cure for a compensable hernia.

The courts have generally held that, where, without the fault of the employee, his original compensable injury is aggravated by medical or surgical treatment, there is such a causal connection between the original injury and the resulting disability or death as to make them compensable. See 99 C.J.S., 670, Workmen's Compensation, Sec. 207, and cases cited.

In several cases in which there was sufficient evidence to prove that a surgical operation for a compensable hernia had resulted in other bodily injuries and permanent partial or total disability, the courts have approved compensation awards for such disability resulting from such surgical operation, even though the act under which the award was made provided for a limited amount of compensation for the hernia itself.

In Rugg v. Driwood Corporation (1941), 126 N.J.L. 566, 20 A. 2d 365, the Court held that where postoperative

complications suffered by a compensation claimant grew out of an operation for compensable non-traumatic inguinal hernia and such complications were such as would have not ensued but for the accident, the complications were ''accidents'' within the New Jersey Workmen's Compensation Act and were compensable according to the general provisions of the act, and hence medical expenses which exceeded the $150 limitation for expenses incident to the operation for hernia were recoverable from the employer. The Court in that case also upheld an award of additional compensation for temporary disability of 33 6/7 weeks on account of the additional injury and an award for permanent partial disability to the extent of five per cent of total for postoperative complications which grew out of the operation for the hernia.

In the Florida case of Royal Palm Market v. Lutz (1961), 126 So. 2d 881, the record showed that the claimant had suffered a hernia arising out of and in the course of his employment and had undergone an operation for the hernia and had received compensation for disability therefor, as provided by Section 440.15 (6) (f) F.S.A.; that, while recovering from the operation, the claimant had suffered a stroke which resulted in his total permanent disability; and the court in that case held that the claimant was entitled to compensation for permanent partial disability caused by the stroke which he had suffered while recovering from the surgical operation for the hernia, and that he was not limited to the six weeks compensation provided for by the hernia statute. See also Skelton Lead & Zinc Co. v. Bagby (1933), 166 Okla. 214, 27 P. 2d 168; Tucker v. State Industrial Accident Commission (Or. 1959), 337 P. 2d 979; Jobe v. Capitol Products Corporation (Ark. 1959), 320 S. W. 2d 634.

The testimony in this case does not show that the appellant was totally disabled by the heart condition complained of, and the appellant was not entitled to an award of compensation for permanent total disability, as claimed by the appellant's attorney in his brief. But

the appellant in our opinion was entitled to compensation for permanent partial disability resulting from the disabling heart condition caused by the surgical operation, and the lower court on review should have reversed the order of the commission denying the appellant's claim for compensation for the heart injury.

■■ ■ We do not think that the provision in the last paragraph of Code Section 6998-12, that "In case death results within a period of one year, either from the hernia or rupture, or from the radical operation thereof, compensation shall be paid the dependents as provided in other death cases under this act," precludes recovery by the injured workman for injuries to other bodily organs or structures distinct from the hernia itself induced by the surgical operation.

For the reasons stated above the judgment of the lower court and the order of the commission denying compensation for the heart injury are reversed and the cause remanded to the commission for a proper determination of the extent of the appellant's permanent partial disability resulting from the heart injury and an award of compensation therefor, as provided in Code Section 6998-09 (c) (21), in accordance with the facts.

Reversed and remanded.

*Lee, P.J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.