FOREST CONSTRUCTORS, INC., et al. *v.* TADLOCK

No. 42871          February 10, 1964          160 So. 2d 214

*Lawrence W. Rabb,* Meridian, for appellants.

*Roy N. Lee,* Forest, for appellee.

McELROY, J.

This is an appeal by Forest Constructors, Inc. and United States Fidelity & Guaranty Company from a judgment of the Circuit Court of Scott County, Mississippi, rendered on the 23rd day of May, 1963, affirming an order of the Mississippi Workmen's Compensation Commission, dated April 9, 1963, directing that compensation benefits for temporary total disability and permanent partial disability be paid to the appellee.

Appellee filed with the Mississippi Workmen's Compensation Commission Forms B-5 and B-11, setting out the information required, and alleging that on July 2, 1960 he stepped on a tile drain pipe, slipped and fell into a drain pool, injuring his left leg and back. Appellants filed their answer, Form B-5, 22, admitting all pertinent information set out by appellee, except they denied appellee was temporarily disabled other than from July 4, 1960 through June 2, 1961, denied that appellee was permanently disabled, and denied the average weekly wage, admitting an average weekly wage of only $78.57.

The issues to be determined by the Workmen's Compensation Commission were duration of temporary disability, degree of permanent disability, the average week-

ly wage, and whether there was a prior existing handicap which was a contributing factor to the disability, and if there was, the extent of proration therefor.

The attorney referee found that appellee's average weekly wage at the time of injury, July 2, 1960, was $101.25; that appellee sustained an accidental injury on said date while in the employ of Forest Constructors, Inc.; that appellee was paid compensation at the rate of $35 a week for three weeks; that thereafter until December 21, 1960 appellee worked for the employer without sustaining loss of earnings; that appellee became disabled January 1, 1961 and was totally disabled until June 9, 1961; that appellee has a 50 percent wage-earning loss in the same or other employment; that appellee had a preexisting condition known as spondylolysis; and that the preexisting condition accounts for 10 percent, or one-fifth, of appellee's present disability. The attorney referee calculated that claimant sustained a wage-earning loss in the amount of $50.63, that two-thirds of said loss is $33.75, and that said amount reduced by $6.75 per week due to the preexisting condition is $27 a week for his compensation rate for permanent partial disability. The attorney referee ordered that appellee be paid $27 a week for a period not exceeding 450 weeks, or $10,000, whichever was the lesser in amount.

The Workmen's Compensation Commission modified the order of the attorney referee, and directed appellants to pay claimant compensation at the rate of $35 per week for temporary total disability from January 1, 1961 through June 9, 1961, and at the rate of $19.72 per week for permanent partial disability from June 10, 1961, limited to 450 weeks or $10,000, whichever is lesser in amount. Appellants appealed from this order to the Circuit Court of Scott County, Mississippi, and on May 23, 1963 the circuit court affirmed the order of the full commission.

Woodward W. Tadlock, claimant and appellee, testified the following: He was 52 years of age, married, and had seven children. He had been a carpenter since 1943 and had been employed by Forest Constructors, Inc. since 1959. He ordinarily worked nine hours a day, and earned $2.25 an hour, or $101.25 weekly. He did hard, manual labor, lifting heavy lumber and such things, and did concrete work. He had to climb ladders, sometimes up to 60 feet high, and he carried materials up these ladders. He was injured on June 2, 1960 while working on raising the water level of a cesspool. He was carrying a steel trap door weighing 30 to 40 pounds, slipped on a slick piece of tile, fell in the hole, and fell on his back on a two by six. He was taken to Dr. L. W. Willey, Jr., who treated him for some time, about three weeks for his leg injury and some additional time for his back injury. He then transferred to Dr. Bill Austin. His condition, after the injury, was ''just where I couldn't hardly go, but I had a family and kids to send to school and I had to try to work and I worked just whenever I — lot of work I done was on my knees. I wasn't able to stand up.'' He was paid compensation for a time, until about June 1 or 2. His condition then wasn't much better than on December 31, 1960. His back hurt when he stooped or lifted, and he couldn't climb ladders.

Dr. J. W. Austin testified that he saw the complainant on January 1, 1961, and that he complained of his back and left leg. His findings led him to believe he probably had a ruptured intervertebral disc in the lumbar area. The history of the case given him by claimant showed claimant was injured on July 2, 1960, when he stepped in a hole about a foot deep while carrying a piece of heavy equipment and jerked his back. Dr. Austin testified he prescribed codine and things like that for pain and injections to try to relieve muscle spasms and irritation of nerve roots. He said that in August 1961 appellee had

obtained maximum recovery, and that in his opinion appellee was permanently disabled to the extent of 100 percent of the body as a whole.

Dr. William C. Warner testified that appellee was referred to him for consultation by Dr. J. W. Austin of Forest, Mississippi, and that in his opinion he had a congenital spondylolysis and had sustained a low back sprain superimposed. He recommended a spinal fusion and also a low back brace. On June 9, 1961 he rated appellee as having a 40 to 50 percent permanent partial disability. In September 1962 he rated appellee as having a 25 to 30 percent permanent partial disability. He found the appellee to have disc trouble, a possible rupture or herniated intervertebral disc, and thought an exploratory operation should be performed on his back for the disc trouble. Of the 40 to 50 percent disability which Dr. Warner estimated on June 9, 1961, he attributed 10 percent to the preexisting spondylolysis and 30 to 40 percent to the injury. He stated that on September 2, 1962, when he last examined appellee, his condition was essentially the same, but on that date he attributed 10 percent disability to the injury. He felt the disability was 10 percent referrable to the trauma, a different figure than he quoted on June 9, 1961, but he stated that the disability fluctuated from day to day.

The sole issue presented by the appellants' brief and their argument in support are that the decision of the Compensation Commission was not supported by medical findings, and that uncontradicted and unimpeachable medical evidence offered by the appellants was disregarded by the commission.

The lay testimony indicated that appellee was injured, and the medical testimony showed that he was permanently partially disabled, from 30 or 40 percent to as much as 100 percent. Dr. Warner said he was 40 to 50 percent disabled. Dr. Austin said the man was

permanently disabled to the extent of 100 percent of the body as a whole.

We are of the opinion that the finding and decision of the commission are supported by substantial evidence, both lay and medical testimony, and that the decision of the lower court should be affirmed.

In I.B.S. Manufacturing Company et al. v. Cook, 241 Miss. 256, 130 So. 2d 557 (1961), five physicians testified as to the cause of the deceased's death. There was medical evidence that the deceased died as a result of a heart attack, and there was medical evidence to the effect that the cause of deceased's death was bronchial pneumonia. The attorney referee stated in his opinion there were areas of conflict in which testimony of five witnesses could not be reconciled, but that the areas in conflict were not such as to be controlling in the final determination of the cause. This Court stated:

"But it can be readily seen from what we have stated above that there was a definite conflict in the testimony of the five medical experts who testified during the hearing; and this Court has held in many cases that the commission is the trier of the facts, and that this Court will not reverse the findings of the commission if there is substantial evidence to support those findings.

"In this case, as in Cole v. Superior Coach Corporation, 234 Miss. 287, 106 So. 2d 71, the medical testimony cannot be reconciled. The commission had a right to evaluate it, and to accept that of the appellee. The issues with reference to an alleged injury of this type are properly within the province of the medical experts; and where there is a conflict in such evidence, its valuation and credibility, with reference to the existence, nature and etiology of an injury or disease, are issues for the commission acting upon such medical testimony. 2 Larson, Workmen's Compensation (1952), Secs. 79.50-79.54."

■■ ■ Cases supporting this principle that the findings and decision of the commission supported by substantial evidence will not be reversed, and also that ■■ ■ the commission rather than the attorney referee is the trier of the facts, are too numerous to mention.

The rule is well established that the trier of facts may accept part of a witness' testimony or may reject parts of it. Shearron v. Shearron, 219 Miss. 27, 68 So. 2d 71 (1953), Buntyn v. Robinson, 233 Miss. 360, 102 So. 2d 126 (1958). In the case at bar, the commission was warranted in accepting parts of Dr. Warner's testimony and rejecting parts of it, and was warranted in its finding of fact based on all the testimony, lay and medical. We believe that substantial evidence was introduced to support the commission's decision.

Section 6998-02(9), Mississippi Code 1942, Rec., states:

" 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or other employment, which incapacity and the extent thereof must be supported by medical findings."

In the case of I. Taitel and Son et al. v. Twiner, 157 So. 2d 44 (Miss. 1963), the Court stated:

"The 1960 amendment to section 2(9) requires medical findings to corroborate or support the fact of incapacity and its extent. They do not have to be the exclusive basis for establishing disability. Both of the stated sections reflect an intent to maintain nonscheduled disabilities on the principle of a loss in wage earning capacity, but further to require that such loss must be corroborated in part by medical findings, both as to incapacity and its extent. . . . Under the Mississippi act, however, inability to earn wages must be corroborated in part, but not exclusively by medical findings." Cf. Harper Foundary and Machine Co. v. Harper, 232 Miss. 873, 100 So. 2d 779 (1958).

The case is therefore affirmed.
Affirmed.
*Gillespie, Jones, Brady and Patterson, JJ.*, concur.