WOLF, Judge.
The claimant in this case appeals from a final order in which the judge of compensation claims (JCC) denied claimant’s request for surgery to correct complications she is suffering as a result of an approved surgical procedure. We find that an employer/earrier (E/C) which has authorized surgery is required to provide any remedial treatment and care which is necessitated as a result of the authorized surgery or complications thereof. We, therefore, reverse and remand for further findings as to the E/C’s responsibility to provide the requested medical treatment.
Claimant was injured in a compensable accident in 1982. She reached maximum medical improvement in 1987 with no permanent impairment rating. The employer/carrier authorized a stomach stapling procedure in November of 1990. There is no explanation in the record as to why the E/C approved this surgery. Claimant developed complications which are alleged to be the result of this surgery, including hernia, hemorrhoids, violent vomiting, bowel obstruction, and other related problems. No testimony was presented concerning a causal relationship between the original compensable injury and the requested treatment. The JCC denied the claim on this basis. Medical testimony was presented, however, that the need for the requested treatment was causally related to the first surgery, and that additional surgery would be needed to alleviate the problems. The JCC did not make any factual findings concerning those matters.
An employee may recover medical benefits for any new injury which results from authorized treatment of an existing injury. Royal Palm, Market v. Lutz, 126 So.2d 881 (Fla.1961). See also Abbenante v. UPS, 241 So.2d 1 (Fla.1970). The JCC, therefore, erred in restricting the inquiry to whether the requested medical treatment was causally related to the initial accident and not determining the causal relationship between the first authorized surgery and the present request for treatment.
Reversed and remanded.
ERVIN and KAHN, JJ., concur.